## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

JOSEPH R. TOMELLERI,

                **Plaintiff,**

v.

**ZAZZLE, INC.**
Serve:  Melanie A. Sherk
        Registered Agent
        1800 Seaport Boulevard
        Redwood City, CA 94063

**HISTORICEATON**
Serve:  Melanie A. Sherk
        1800 Seaport Boulevard
        Redwood City, CA 94063

**MOTHERTHUMPER**
Serve:  Melanie A. Sherk
        1800 Seaport Boulevard
        Redwood City, CA 94063

**and**

**MNLAKEWEAR**
Serve:  Melanie A. Sherk
        1800 Seaport Boulevard
        Redwood City, CA 94063

           **Defendants.**

**Civil Action No.:** `13-cv-2576 EFM/DJW`

**JURY DEMANDED**

---

## COMPLAINT

---

      COMES NOW Joseph R. Tomelleri and, for his Complaint against Zazzle, Inc., HistoricEaton,

MotherThumper and MNLakewear, alleges and states as follows:

### JURISDICTION AND VENUE

      1.     This claim is brought pursuant to 17 U.S.C. § 101, et seq. for copyright infringement, and 17

U.S.C. § 1202, et seq. for Removal or Alteration of Copyright Management Information.

2.      This Court has subject matter jurisdiction over Joseph R. Tomelleri's claims pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that this case arises under the copyright laws of the United States (17 U.S.C. § 101, et seq.)

3.      Personal jurisdiction in this judicial district over Zazzle, Inc., HistoricEaton, MotherThumper and MNLakewear is proper pursuant to 28 U.S.C. §§ 1331, 1338, Fed. R. Civ. P. 4 and K.S.A. § 60-308(b) because they have transacted business in the State of Kansas in this judicial district.

4.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391 (b),(c), 1400(a) and K.S.A. § 60-605 in that Zazzle, Inc., HistoricEaton, MotherThumper and MNLakewear have regularly solicited and conducted business with the residents of this judicial district and purposefully marketed and directed its infringing products to residents of this judicial district and the counties therein.

## PARTIES

5.      Plaintiff Joseph R. Tomelleri (hereinafter "Plaintiff") is an adult individual and a resident of the State of Kansas.

6.      Defendant Zazzle, Inc. (hereinafter "Zazzle") is a corporation organized and existing in good standing in the State of California, which operates a fully interactive website that provides tools for creating various products, and an online marketplace for distributing those goods.  Zazzle lists its business location as Palo Alto, California.

7.      Defendant HistoricEaton ("HistoricEaton") is an online storefront company through Zazzle.

8.      Defendant MotherThumper ("MotherThumper") is an online storefront company through Zazzle.

9.      Defendant MNLakewear ("MNLakewear") is an online storefront company through Zazzle.

10.     Zazzle has refused to identify the actual owners of the HistoricEaton, MotherThumper, and MNLakewear online storefront companies.

## INTRODUCTORY FACTS

11.     Plaintiff is a trained biologist and artist, and has spent most of his working life collecting, studying, and illustrating fish species within North America.

12.     Plaintiff's illustrations have been published in several scientific studies, journals, books, magazines, and fish identification guides.

13.     Plaintiff is the owner of the website www.americanfishes.com, where his individual illustrations are available for purchase. Plaintiff has illustrated over 1,000 fish in his career from specimens caught in the wild.

14.     Plaintiff's illustrations are registered under Title 17 of the United States Code (Copyright Act of 1976), and all other United States laws governing copyrights, under the following copyrights:

> TX0005813942; TX0005639631; TX0005639632; VA0000998415; VA0001151489;
>
> TX0005597332; VA0001229832; VA0001291994; VA0001339459; VA0001392179;
>
> VA0001645962; VA0001741737; VA0001743819; VA0001786445; VA0001799888;
>
> VA0001800740; VA0001799485; VA0001779644; VA0001787183; TX0007020033;
>
> TX0006998390; VA0001783041; VA0001787182; VA0001827025; VA0001787184;
>
> VA0001779955; VA0001814563; VA0001779953; VAU001089450; VAU001066848;
>
> VAU000265291; TX0005998741; TX0007384205; TX0003082428; TX0003082429;
>
> TX0007431958; TX0004478574; VA0001673790; VA0001799775; VA0001784738;
>
> VA0001163619.

15.     Plaintiff illustrated and is the sole owner and proprietor of all right, title and interest in and to the copyrights in all of Plaintiff's illustrations, including all those identified in the preceding paragraph and all those at issue in this action (the "Illustrations").

16.     Zazzle owns and/or operates the website with the following URL address: www.zazzle.com, where it encourages and facilitates online storefronts to sell customizable novelty items including, but not limited to, clothing, coffee mugs, and art.

17.     Through this product customization and design process, Zazzle's online storefronts (including, but not limited to, HistoricEaton, MotherThumper, and MNLakewear) avail their customers with an array of digital images, or permit the customers to upload their own images.

18.     Several of the images available or uploaded through Zazzle have infringed upon Plaintiff's copyrights in the Illustrations and these images are used to create a final finished product.

19.     Upon the customer's payment, Zazzle prints these images upon "blank" novelty items supplied by Zazzle.

20.     Through this product customization and design process, Zazzle and its online storefronts, including, but not limited to, HistoricEaton, MotherThumper, and MNLakewear, digitally modify Plaintiff's Illustrations before printing said images on "blank" novelty items, including, but not limited to, clothing, coffee mugs, and art.  See **EXHIBIT A** attached hereto.

21.     Plaintiff has discovered Zazzle's infringing use of at least thirty (30) of Plaintiff's Illustrations on Zazzle products.

22.     In late 2011, Plaintiff discovered that Zazzle and at least three (3) of its online storefronts, HistoricEaton, MotherThumper, and MNLakewear, had, without authorization, reproduced and copied several of Plaintiff's Illustrations and were displaying them in advertising on the Zazzle website.

23.     In May 2012, Plaintiff demanded Zazzle cease and desist its infringing activities, and provide Plaintiff with an accounting of Zazzle's profits from its sales of products using Plaintiff's Illustrations.

24.     To support its online storefronts, Zazzle has the exclusive right to provide and manage all material aspects of the transactions with its customers, including internet hosting, marketing, search engine optimization, production of merchandise, shipping, invoicing, billing, product return, and refunds.

25.     Zazzle keeps approximately ninety-percent (90%) of the revenue generated from the sale and pays a ten-percent (10%) royalty to the persons selling items through its company.

26.     Zazzle packages and ships the purchased novelty items in a box with its Zazzle ® trademark.

27.     The images printed on the blank novelty items are generally digitally modified from their original form in Plaintiff's Illustrations.

28.     Additionally, Zazzle further digitally modifies and manipulates Plaintiff's Illustrations to include the Zazzle ® trademark (registered with the United States Patent and Trademark Office, including under number 2744907), for display and advertising purposes on Zazzle's website. See **EXHIBIT B** attached hereto.

29.     Upon information and belief, Zazzle receives thousands of images that are uploaded daily, yet currently does not have a system in place to protect against copyright infringement.

30.     Plaintiff's copyrights in the Illustrations are presently valid and subsisting, were valid and subsisting from the moment of their creation, and all conditions precedent to the filing of this suit have occurred.

31.     Despite having actual knowledge of its infringing activity, Zazzle failed to remove or disable access to all images infringing upon Plaintiff's copyrights in the Illustrations, and continues to receive revenue from its and its online storefronts' infringing activity, including images which Zazzle knew from Plaintiff's May 2012 Cease and Desist letter to be infringing upon Plaintiff's copyrights in the Illustrations.

32.     Zazzle responded to Plaintiff's Cease and Desist letter that it had "taken down" the offending images, and that it is an internet service provider protected from copyright infringement under 17 U.S.C. § 512 of the Digital Millennium Protection Act.

33.     The continuing infringements of Zazzle, HistoricEaton, MotherThumper and MNLakewear to Plaintiff's copyrights in the Illustrations are therefore additionally willful.

## CAUSES OF ACTION

### Count I
### Direct Infringement – Zazzle

34.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs as if fully set out herein.

35.     Zazzle has infringed Plaintiff's copyrights in his Illustrations by scanning, copying, reproducing, and displaying unauthorized copies thereof within the United States of America in violation of 17 U.S.C. § 512. Such infringements were either non-willful, or alternatively, they were committed willfully.

36.     Zazzle has infringed Plaintiff's copyrights in his Illustrations by offering for sale unauthorized copies thereof, and by selling same within the United States of America, and profiting thereby in violation of 17 U.S.C. § 512.  Such infringements were either non-willful, or alternatively, they were committed willfully.

37.     As a result of Zazzle's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and Zazzle has earned profits that should be disgorged to Plaintiff.

### Count II
### Direct Infringement – Zazzle and HistoricEaton

38.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs as if fully set out herein.

39.     Zazzle and HistoricEaton have infringed Plaintiff's copyrights in his Illustrations by scanning, copying, reproducing, and displaying unauthorized copies of thereof within the United States of America in violation of 17 U.S.C. § 512. Such infringements were either non-willful, or alternatively, they were committed willfully.

40.     Zazzle and HistoricEaton have infringed Plaintiff's copyrights in his Illustrations by offering for sale unauthorized copies thereof, and by selling same within the United States of America, and profiting thereby in violation of 17 U.S.C. § 512  Such infringements were either non-willful, or alternatively, they were committed willfully.

41.     As a result of Zazzle's and HistoricEaton's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and Zazzle and HistoricEaton have earned profits that should be disgorged to Plaintiff.

### Count III
### Direct Infringement – Zazzle and MotherThumper

42.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs as if fully set out herein.

43.     Zazzle and MotherThumper have infringed Plaintiff's copyrights in his Illustrations by scanning, copying, reproducing, and displaying unauthorized copies of thereof within the United States of America in violation of 17 U.S.C. § 512. Such infringements were either non-willful, or alternatively, they were committed willfully.

44.     Zazzle and MotherThumper have infringed Plaintiff's copyrights in his Illustrations by offering for sale unauthorized copies thereof, and by selling same within the United States of America, and profiting thereby in violation of 17 U.S.C. § 512  Such infringements were either non-willful, or alternatively, they were committed willfully.

45.     As a result of Zazzle's and MotherThumper's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and Zazzle and MotherThumper have earned profits that should be disgorged to Plaintiff.

**Count IV**
**Direct Infringement – Zazzle and MNLakewear**

46.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs as if fully set out herein.

47.     Zazzle and MNLakewear have infringed Plaintiff's copyrights in his Illustrations by scanning, copying, reproducing, and displaying unauthorized copies of thereof within the United States of America in violation of 17 U.S.C. § 512. Such infringements were either non-willful, or alternatively, they were committed willfully.

48.     Zazzle and MNLakewear have infringed Plaintiff's copyrights in his Illustrations by offering for sale unauthorized copies thereof, and by selling same within the United States of America, and profiting thereby in violation of 17 U.S.C. § 512  Such infringements were either non-willful, or alternatively, they were committed willfully.

49.     As a result of Zazzle's and MNLakewear's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and Zazzle and MN Lakerwear have earned profits that should be disgorged to Plaintiff.

**Count V**
**Against Zazzle – Contributory and Vicarious Infringement**

50.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs as if fully set out herein.

51.     Zazzle encouraged, permitted, participated in and/or otherwise allowed the infringements described above by its online storefront companies HistoricEaton, MotherThumper, and MNLakewear.

52.     Zazzle has the authority, right, power and ability to control the actions of its online storefront companies.

53.     Zazzle has continuously and materially contributed to the infringing and unauthorized use of the copyrighted material described herein including, but not limited to, creating and maintaining the online marketplace which enabled the infringements.

54.     Zazzle directly profited from the infringements that occurred.

55.     As a result of Zazzle's, HistoricEaton's, MotherThumper's and MNLakewear's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and Zazzle, HistoricEaton, MotherThumper and MNLakewear have earned profits that should be disgorged to Plaintiff.

### Count VI
### Against Zazzle – Injunctive Relief

56.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs as if fully set out herein.

57.     Zazzle's acts described herein have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation, and goodwill. Plaintiff has no other adequate remedy at law.

58.     By reason of Zazzle's acts described herein, Plaintiff is entitled to injunctive relief against Zazzle restraining further acts of infringement and of violations of the Digital Millennium Copyright Act; to attorneys' fees, and to profits attributable to Zazzle's acts described herein.

### PRAYER FOR RELIEF

59.     Plaintiff requests that Zazzle be required to pay over to Plaintiff his actual damages sustained, plus all of its direct and indirect profits attributable to the infringements described herein;

60.     Plaintiff requests that Zazzle and HistoricEaton, jointly and severally, be required to pay over to Plaintiff his actual damages sustained, plus all of their direct and indirect profits attributable to the infringements;

61.     Plaintiff requests that Zazzle and MotherThumper, jointly and severally, be required to pay over to Plaintiff his actual damages sustained, plus all of their direct and indirect profits attributable to the infringements;

62.     Plaintiff requests that Zazzle and MNLakewear, jointly and severally, be required to pay over to Plaintiff his actual damages sustained, plus all of their direct and indirect profits attributable to the infringements;

63.     Alternatively, because the Illustrations were registered prior to Zazzle's infringements, Plaintiff seeks recovery of statutory damages up to $150,000.00 (One Hundred Fifty Thousand Dollars) per infringement;

64.     Alternatively, because Plaintiff's copyrights in his Illustrations were registered prior to Zazzle's and HistoricEaton's infringements, Plaintiff seeks recovery, jointly and severally, of statutory damages up to $150,000.00 (One Hundred Fifty Thousand Dollars) per infringement;

65.     Alternatively, because Plaintiff's copyrights in his Illustrations were registered prior to Zazzle's and MotherThumper's infringements, Plaintiff seeks recovery, jointly and severally, of statutory damages up to $150,000.00 (One Hundred Fifty Thousand Dollars) per infringement;

66.     Alternatively, because Plaintiff's copyrights in his Illustrations were registered prior to Zazzle's and MNLakewear's infringements, Plaintiff seeks recovery, jointly and severally, of statutory damages up to $150,000.00 (One Hundred Fifty Thousand Dollars) per infringement;

67.     Plaintiff seeks recovery, jointly and severally, from Zazzle, HistoricEaton, MotherThumper, and MNLakewear, and for Plaintiff's attorneys' fees and court costs;

68.     Plaintiff requests that Zazzle, HistoricEaton, MotherThumper, and MNLakewear, their agents, employees, and/or servants be enjoined *pendent lite* and permanently from infringing Plaintiff's copyrights in his Illustrations any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing Plaintiff's Illustrations and further engaging in any form of copyright infringement.

69.     Plaintiff requests that Zazzle, HistoricEaton, MotherThumper, and MNLakewear be required to immediately search the Zazzle website and sales archives for infringing copies of Plaintiff's Illustrations, and deliver them up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Plaintiff's copyrights in his Illustrations, including, but not limited to, photographs, digitally scanned images, and all other articles by means of which such infringing copies may be produced, and/or which are in the possession of, and/or under the direct or indirect control of Zazzle, HistoricEaton, MotherThumper, and MNLakewear;

70.     That Zazzle be required to prospectively police its website and images subsequently uploaded by customers, and remove all infringing copies of Plaintiff's Illustrations on an ongoing basis;

71.     That there be an accounting of all gains, profits, and advantages derived by Zazzle, HistoricEaton, MotherThumper, and MNLakewear as a result of the infringements described herein;

72.     That Plaintiff have all such other and further relief as this Court deem proper and just.

**PLAINTIFF JOSEPH R. TOMELLERI RESPECTFULLY DEMANDS TRIAL BY JURY.**

Respectfully submitted,

<u>s/ Steven H. Mustoe</u>
Steven H. Mustoe, KS Bar No. 15212
Daniel A. Sprout, KS Bar No. 24919
MUSTOE LAW FIRM, LLC
US Bank Building, 2nd Floor
5100 W 95th Street, Suite #260
Prairie Village, KS 66207
T: 913.440.0004 | F: 913.341.2293
Email: smustoe@mustoelawfirm.com

Dana A. LeJune, TX Bar No. 12188250
6525 Washington Avenue, Suite 300
Houston, TX 77007
T: 713.942.9898 | F: 713.942.9899
Email: dlejune@triallawyers.net

ATTORNEYS FOR PLAINTIFF