IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH R. TOMELLERI,<br><br>                    Plaintiff,<br><br>v.<br><br>ZAZZLE INC.,<br><br>                    Defendant. | Case No.:    2:13-cv-02576-EFM-TJJ |

**ZAZZLE'S MOTION TO QUASH THIRD-PARTY SUBPOENAS, FOR A PROTECTIVE ORDER REGARDING RE-NOTICED DEPOSITIONS (SUBJECT TO MOTION, DKT. NOS. 78 &79), AND FOR RELATED RELIEF**

Zazzle Inc. ("Zazzle") moves the Court for an order pursuant to Federal Rules of Civil Procedure 26(c) and 45(d): (i) protecting its senior leadership team from eight depositions; (ii) quashing seven third-party subpoenas; (iii) imposing sanctions against Plaintiff's counsel, including Zazzle's fees and costs related to this Motion; and (iv) for a protective order preventing Plaintiff from issuing any further discovery without obtaining prior leave from the Court.

Plaintiff's ongoing and widespread discovery abuses have been well-chronicled. Despite the Court's clear admonition to the Parties in the Scheduling Order that discovery should not be used for improper purposes (Dkt. No. 20), Plaintiff has served widespread discovery of virtually every facet of Zazzle's business. The scope of Plaintiff's discovery is highly improper in this action, even under Plaintiff's theory of the case. To date, Plaintiff has sought the following discovery:

- Twenty-five interrogatories;
- 126 requests for production of documents;
- Corporate witnesses to testify on thirty-eight topics;
- Nineteen depositions of Zazzle's founders and senior leadership;[1] and
- Seven third-party subpoenas.

---

[1] The Scheduling Order limits Plaintiff to a total of ten depositions (Dkt. No. 20). Plaintiff has requested nineteen depositions, and he has filed and served eight deposition notices (on two separate occasions).

1

4821-2036-4575.1

Most-recently, when Zazzle filed its pending motion for a protective order regarding Plaintiff's Rule 30(b)(6) deposition notice and deposition notices for individuals whom Plaintiff freely acknowledges may have no relevant information whatsoever (Dkt. Nos. 75 & 76)—and directed Plaintiff's counsel to Local Rule 26.2, which stays such discovery pending resolution of the motion—Plaintiff's counsel then responded by re-noticing the exact depositions that had been stayed (Dkt Nos. 91-97), requiring Zazzle to file this Motion to stay the exact depositions. The re-noticed depositions were intended to circumvent Local Rule 26.2 and could have no valid purpose. The Court should enter a protective order, precluding the subject depositions, and awarding sanctions against Plaintiff's counsel, including an award of Zazzle's fees and costs to bring this Motion.

Plaintiff also has served seven third-party subpoenas. The subpoena recipients are companies that own copyrighted or trademarked materials. Through the subpoenas, Plaintiff seeks widespread discovery concerning the recipients' intellectual property, with a primary aim towards prior litigation that may have been brought against Zazzle for copyrights or trademarks that are not at issue in this action. However, three of the recipients have not initiated any litigation against Zazzle for any alleged infringement. Therefore, even if Plaintiff is correct that he may discover evidence of prior litigation, only four of the seven recipients could possess any such information. Moreover, the Rules expressly provide that discovery is not appropriate where it requires third-parties to divulge confidential information that could be obtained directly from a party to the litigation. In the present instance, the only potentially relevant information would relate to Zazzle's knowledge of the subject litigation. Zazzle necessarily possesses any such information, thereby rendering the involvement of the third parties unnecessary. Therefore, the

Court should quash the subpoenas and require Plaintiff to seek any relevant discovery directly from Zazzle.[2]

Plaintiff continues to use discovery for improper purposes. Zazzle acknowledges that an order preventing subsequent discovery is rare, and Zazzle is not seeking to preclude legitimate discovery. However, Plaintiff repeatedly has used discovery in this action as a source of harassment. This is vividly illustrated by the admission of Plaintiff's counsel that he is not aware of <u>any</u> relevant information that any of the recipients of the re-noticed depositions possesses. Yet, Plaintiff's counsel nonetheless re-noticed the depositions to avoid the stay imposed by Local Rule 26.2. Plaintiff's counsel also has repeatedly responded to Zazzle's objections to overbroad discovery by expanding the scope of the subject requests, turning the meet and confer process on its head. In order to protect Zazzle and others from subsequent harassment and undue expense, Zazzle seeks a protective order preventing Plaintiff from serving any further discovery without first obtaining leave from the Court, and imposing any other sanctions the Court deems necessary and appropriate.

---

[2] Zazzle does not concede that Plaintiff is entitled to any discovery related to prior litigation. The Court need not determine the issue of relevance for purposes of this Motion.

Dated: October 17, 2014.

By: s/ *Juliet A. Cox*
    Juliet A. Cox  KS# 17016
    Sara Gillette KS# 26573
    Samuel L. Blatnick (admitted pro hac)
    Attorneys for Defendant
    KUTAK ROCK LLP
    1010 Grand Boulevard, Suite 500
    Kansas City, MO  64106-2220
    (816) 960-0090 (Telephone)
    (816) 960-0041 (Facsimile)
    juliet.cox@kutakrock.com
    sara.gillette@kutakrock.com

## CERTIFICATE OF SERVICE

    I hereby certify that on October 17, 2014, I presented the foregoing to the clerk of the court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following:

Steven H. Mustoe
MUSTOE LAW FIRM, LLC
US Bank Building, 2nd Floor
5100 W 95th Street, Suite #260
Prairie Village, KS  66207
smustoe@mustoelawfirm.com
ATTORNEYS FOR PLAINTIFF

Arthur K. Shaffer
INTELLECTUAL PROPERY CENTER, LLC
7101 College Blvd., Suite 1520
Overland Park, KS 66210
ashaffer@theipcenter.com
ATTORNEY FOR PLAINTIFF

    s/ *Juliet A. Cox*
    ATTORNEY FOR DEFENDANT

4821-2036-4575.1