**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

JOSEPH R. TOMELLERI,

                        Plaintiff,

                        Case No.:   2:13-cv-02576-EFM-TJJ

v.

ZAZZLE INC.,

                        Defendant.

---

**ZAZZLE'S BRIEF IN SUPPORT OF ITS MOTION TO QUASH THIRD-PARTY SUBPOENAS, FOR A PROTECTIVE ORDER REGARDING RE-NOTICED DEPOSITIONS (SUBJECT TO MOTION, DKT. NOS. 75 &76), AND FOR RELATED RELIEF**

---

When the Court entered the Scheduling Order, it stated as follows:

[The Court] respectfully remind[s] [the parties] that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).  Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as … (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.  If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court must impose an appropriate sanction on the responsible attorney or party, or both; the sanction may include an order to pay the reasonable expenses, including attorney fees, caused by the violation.  Therefore, before the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court strongly suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354 (D. Md. 2008).

(Dkt. No. 20 at ¶n).[1]  Plaintiff repeatedly has flaunted the Court's directives as set forth above.

In this case, where Zazzle has sold less than $5,500 of products that allegedly include an infringing illustration, Plaintiff has sought the following discovery:

---

[1] The *Mancia* Court explained that Rule 26(g) "aspires to eliminate one of the most prevalent of all discovery abuses:  kneejerk discovery requests served without consideration of cost or burden to the responding party."  According to the *Mancia* Court, the "*certification duty requires the lawyer to pause and consider the reasonableness of his request* . . . The rule simply requires that the attorney make a reasonable inquiry in *the factual basis* of his . . . request."  *Mancia v. Mayflower Textile Servs*. Co., 253 F.R.D. 354, 357 (D.Md. 2008) (emphasis in original).

1

- Twenty-five interrogatories;
- 126 requests for production of documents;
- Corporate witnesses to testify on thirty-eight topics;
- Nineteen depositions of Zazzle's founders and senior leadership;[2] and
- Seven third-party subpoenas.

This Motion concerns the seven third-party subpoenas and Plaintiff's attempts to re-notice depositions that are the subject of Zazzle's pending motion for a protective order (Dkt. Nos. 75 & 76). The seven subpoenas are directed to third-parties who own copyrighted or trademarked materials, and appear aimed at discovering information concerning disputes that those parties may have had with Zazzle. Plaintiff's counsel has been unable to articulate any explanation as to how the subpoenas possibly relate to Plaintiff's allegations of infringement in this action. Plaintiff could obtain any potentially relevant information from Zazzle, rather than requiring third-parties to expend unnecessary resources and disclose their confidential business information.

Beyond seeking excessive discovery, Plaintiff has used discovery for purposes of harassment in several ways, including the following:

- Plaintiff initially requested thirty-one 30(b)(6) topics. When Zazzle's counsel objected to the number and scope of the original requests, Plaintiff responded by adding seven topics.

- Plaintiff initially requested depositions for eight individuals. When Zazzle's counsel objected and asked Plaintiff to identify the relevant information that those individuals may possess, Plaintiff responded by requesting deposition dates for eleven additional deponents.

- When Zazzle filed its pending motion for a protective order regarding Plaintiff's Rule 30(b)(6) deposition notice and deposition notices for individuals when Plaintiff has acknowledged may have no relevant information whatsoever. (Dkt. Nos. 75 & 76) (the "First Motion for a Protective Order")—and directed Plaintiff's counsel to Local Rule 26.2, which stays such discovery pending resolution of the

---

[2] The Scheduling Order limits Plaintiff to a total of ten depositions (Dkt. No. 20). Plaintiff has requested nineteen depositions, and he has filed and served eight deposition notices (on two separate occaions).

First Motion for Protective Order—Plaintiff responded by re-noticing the <u>exact</u> depositions (Dkt. Nos. 91-97), requiring Zazzle to file this Motion for another protective order <u>for the same depositions</u>.

Plaintiff's actions literally have turned the meet and confer process on its head, by using efforts to reach agreement as springboards to further divide. Plaintiff's overzealous discovery is clearly aimed to harass, and it violates the Rules and the Court's express mandates. Zazzle accordingly requests an order: (i) protecting its senior leadership team from the re-noticed depositions, (ii) quashing the seven third-party subpoenas, (iii) imposing sanctions against Plaintiff's counsel, including Zazzle's fees and costs related to this Motion; and (iv) for a protective order preventing Plaintiff from issuing any further discovery without obtaining prior leave from the Court.

**Facts and Background**

1.    Plaintiff's previous discovery abuses are discussed in the First Motion For a Protective Order. Given the cumulative and developing nature of Plaintiff's abuses, they must be repeated here:

- On <u>September 22, 2014</u>, Plaintiff filed and served his Notice of Plaintiff's Rule 30(b)(6) Deposition. (Dkt. No. 62) (the "Original Notice"). The Original Notice requested corporate representative(s) to testify concerning <u>thirty-one</u> separate topics. The notice included several topics that were duplicative and/or far beyond the scope of any permissible discovery in this action.[3]

- On <u>September 25, 2014</u>, Plaintiff served its Second Requests for Production (Dkt. No. 63) (the "Requests"), which seek production of 113 categories of materials. Together with

---

[3] In addition to the unreasonable scope of the topics, the original notice also purported to notice the deposition: (1) for only four days following the date of the notice and (2) in Overland Park, KS, rather than in California, where Zazzle is headquartered.

Plaintiff's First Requests for Production (Dkt. No. 28), Plaintiff has requested 126 categories of materials from Zazzle. The requests seek discovery of nearly every conceivable facet of Zazzle's operations and finances.

- On September 25, 2014, Zazzle's counsel responded to the Original Notice. **(Ex. A)**. Zazzle's counsel objected to thirteen of the topics as being overbroad and/or seeking information that is not relevant to this dispute and is not likely to lead to the discovery of admissible evidence. With respect to many of the topics, Zazzle's counsel agreed to provide a corporate representative for any responsive matters related to the alleged infringement at issue in this case. *See, e.g.*, (*Id.* at p. 2) ("Zazzle is willing to provide you information regarding its use of 'redirected advertising' and 'metadata tags or fields' in the sales of its products, to the extent such information exists. Questions related to 'any other aspect of Zazzle's business,' however, are overbroad and inappropriate as a matter of law.").

- On September 29, 2014, Plaintiff served and filed its Amended Notice of Plaintiff's Rule 30(b)(6) depositions. (Dkt. No. 64) (the "Amended Notice"). Rather than eliminating or limiting any of the objectionable topics in its Original Notice, Plaintiff added seven additional topics, for a total of thirty-eight (38) topics.

- On October 1, 2014, Plaintiff's counsel requested dates for the deposition of eight Zazzle's employees or representatives. Each of the individuals is a current or former member of Zazzle's senior leadership team. **(Ex. B)**.

- On October 7, 2014, Plaintiff filed and served eight depositions notices for members of Zazzle's senior management. (Dkt. Nos. 67-74).[4] Zazzle's counsel asked Plaintiff's

---

[4] Plaintiff attached its discovery requests to each of the notices, and directed the deponents to bring the same documents that are the subject of outstanding discovery requests to Zazzle. Beyond being improperly cumulative, because the depositions were noticed for dates prior to

counsel to explain what information he believes the eight individuals possess. In response, Plaintiff's counsel acknowledged that he is not aware of any information. According to Plaintiff's counsel, "[i]f they don't know anything then their depo will be short." Just as he did in response to Zazzle's objections to Plaintiff's overly-broad 30(b)(6) topics, Plaintiff then proceeded to identify an additional eleven individuals for deposition. **(Ex. D)**. Plaintiff's counsel similarly was unable to articulate any basis to depose the additional eleven (11) individuals identified. *(Id.)*. According to Plaintiff's counsel, "they are all employees with apparent knowledge about zazzle operations." *(Id.)*.[5]

6.      Faced with Plaintiff's excessive discovery, on October 8, 2014, Zazzle filed its pending: (1) First Motion for a Protective Order, which sought clarification on the permissible scope of Plaintiff's 30(b)(6) topics and an order prohibiting the eight depositions (Dkt. Nos. 75 & 76), and (2) Motion to Stay Discovery Pending Resolution of Fundamental Legal Issues. (Dkt. Nos. 78 & 79).

7.      On October 9, 2014, Plaintiff's counsel responded to the First Motion for a Protective Order by informing Zazzle's counsel that he intended to proceed with the subject depositions. **(Ex. D)**. When Zazzle's counsel directed Plaintiff's Counsel to Local Rule 26.2, which states that "[t]he filing of a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) or 30(d) stays the discovery at which the motion is directed pending order of the court," Plaintiff's counsel stated that he intended to re-notice the exact depositions that have been stayed by the First Motion for a Protective Order. *(Id.)*. Zazzle's counsel informed Plaintiff's counsel

---

Zazzle's deadline to respond to the subject requests, the notices sought to improperly shorten Zazzle's discovery deadline.

[5] If Plaintiff's counsel's logic were correct, then a litigant would be entitled to depose every employee of its adversarial party. That obviously is not consistent with the mandates of Rule 26, as noted by this Court in its Scheduling Order.

that it believed such action would be improper and that if Plaintiff's counsel proceeded, Zazzle would be forced to move for another protective order and would seek its fees and costs in doing so.  (*Id.*).

8.      True to his word, on October 10, 2014, Plaintiff's counsel re-noticed the <u>exact</u> depositions that are the subject of Zazzle's pending First Motion for a Protective Order.  (Dkt Nos. 90-97) (the "Re-noticed Depositions").

9.      On October 9, 2014, Plaintiff also filed notices of his intent to serve third-party subpoenas upon the following seven entities: (i) Hallmark Cards, Inc. (Dkt. No. 82); (ii) Lions Gate Entertainment, Inc. (Dkt. No. 83), (iii) North Jersey Media Group, Inc. (Dkt. No. 84), (iv) Summit Entertainment, LLC (Dkt. No. 85), (v) The Walt Disney Company (Dkt. No. 86), (vi) Universal Studios Entertainment, Inc. (Dkt. No. 87), and (vii) Warner Bros. Entertainment, Inc. (Dkt. No. 88) (the "Third Parties" and the "Subpoenas").  Each of the Subpoenas directs the recipient to produce the following categories of materials:

> 1.      All records (including but not limited to reports, correspondence, agreements, contracts, assignments, settlement agreements, license agreements, notices, letters, website images, screen captures and/or purchase or production records) related to the unauthorized use of artwork, visual art, images, graphics, logos, trademarks, branding components and/or other intellectual property of [respective recipient] in connection with merchandise or products produced, offered, promoted and/or displayed by Zazzle, Inc. and/or its website located at www.zazzle.com.

> 2.      All documents including any emails, agreements, memorandum or other items describing procedures or methods used by Zazzle, Inc. to protect against unauthorized use of [the Third Party's] copyrights or other intellectual property rights by Zazzle, Inc.

> 3.      All correspondence (including but not limited to emails) between any person affiliated with Zazzle, Inc. and a representative of [respective recipient] that mention or refer to a copyright, trademark, license, infringement and/or settlement.

4818-8159-9263.5

10.     On October 9, 2014, Zazzle's counsel objected to the Subpoenas and asked Plaintiff's counsel to explain what he believes the requested information is relevant to this action. On October 10, 2014, Plaintiff's counsel responded: "The third party subpoenas directly relate to the ongoing infringement on Zazzle's website, its ability to monitor its website for infringement, its willful infringement and its ability to respond to our discovery requests which your client has indicated is impossible." (**Ex. E**).

<u>**Statement of Good Faith Attempt to Resolve Dispute**</u>

Zazzle has undertaken good faith attempts to resolve these matters without the Court's intervention.   Zazzle's counsel has communicated with Plaintiff's counsel several times concerning the Subpoenas, asking the Plaintiff to refrain from issuing them and asking Plaintiff to explain why he believes the Subpoenas seek information relevant to this action.   Plaintiff's counsel refused to refrain from issuing the Subpoenas and has indicated that he will proceed. Zazzle's counsel also informed Plaintiff's counsel that it was improper to re-notice depositions subject to a pending Motion for Protective Order to circumvent Local Rule 26.2, and that Zazzle would file this Motion and seek its fees and costs if Plaintiff re-noticed the depositions. Nonetheless, Plaintiff proceeded to re-notice the depositions.

<u>**Legal Argument**</u>

**I.     Legal Standard**

Federal Rule of Civil Procedure 26(C)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure of

7

discovery."  Fed.R.Civ.P. 26(C)(1)(A).[6]  Federal Rule of Civil Procedure 26(b)(2)(C) provides that the Court "must limit the frequency or extent of discovery" when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive…"  Fed.R.Civ.P. 26(b)(2)(C)(i).

Federal Rule of Civil Procedure 45(d)(3)(A) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: … (iii) requires disclosure or privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."[7]  The Rules further provide that a court may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information."  Fed.R.Civ.P. 45(d)(3)(B)(i).

This Court has noted that, "[w]hile irrelevance and overbreadth are not explicitly included as reasons to quash a subpoena … the advisory notes clearly indicate that 'the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."  *In re POM Wonderful, LLC, Marketing and Sales Practice Litigation*, No. 13-mc-217-CM-TJJ, 2014 WL 333576 at *2 (D. Kan. Jan. 29, 2014).  "This includes Fed.R.Civ.P. 26(b), which allows parties to seek discovery of any nonprivileged information relevant to any party's claims or defenses."  *Id.*  Thus, in addition to the specific bases articulated in Rule 45, the Court also may quash the Subpoenas as seeking information that is not relevant to this action or otherwise overbroad.

---

[6] Rule 26(c)(1) provides that a "[a] party or any person from whom discovery is sought may move for a protective order…."  Thus, Zazzle has standing to move for a protective order concerning the Subpoenas and the re-noticed depositions.

[7] This Court has held that the issuing court may quash a subpoena, "because the issuing court has jurisdiction to enforce the subpoena."  *In re POM Wonderful, LLC, Marketing and Sales Practice Litigation*, No. 13-mc-217-CM-TJJ, 2014 WL 333576 at *2 (D. Kan. Jan. 29, 2014), *citing Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc*., 211 F.R.D. 658, 660 (D. Kan. 2003).

III.     **The Subpoenas are Overbroad, and Any Relevant Information Could be Obtained from Zazzle.**

Plaintiff alleges that third-party users of Zazzle's website uploaded Plaintiff's illustrations in violation of the Copyright Act.   The Subpoenas do not seek any information concerning Plaintiff's illustrations or how they may have been improperly used, but rather information concerning the intellectual property of others.   Plaintiff appears to be using these requests to explore allegations of copyright infringement that may have been asserted by others.   Such information has no relevance to any liability that Zazzle possibly could have on account of the copyright infringement alleged in this action.

Plaintiff undoubtedly will argue that it is entitled to information requested in the Subpoenas for purposes of establishing willful conduct.[8]   Even if Plaintiff were entitled to information related to other litigation, Plaintiff would not be entitled to the information sought through the Subpoenas.

*First*, Plaintiff's request seeks every document that the Third Parties possess concerning any claims against Zazzle.   The information Plaintiff seeks would require the Third-Parties to disclose confidential information and trade secrets (as well as their privileged work-product from prior and pending litigation).   Where, as here, a subpoena requires a third-party to disclose confidential information, its non-party status weighs against requiring disclosure.   *See, e.g., Fanjoy v. Calico Brands, Inc*., No. 2:06-mc-469-DB, 2006 WL 2303115 (D. Utah Aug. 7, 2006); *see also Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc*., 211

---

[8] Zazzle does not concede that such information is relevant or admissible for such purpose. However, some courts have allowed plaintiffs in copyright infringement actions to present evidence of the existence of prior lawsuits against the defendant for the same conduct, for purpose of establishing willful conduct.

4818-8159-9263.5

F.R.D. 658, 652-53 (D. Kan. 2003).  The Court may enter a protective order to prevent third-party production of confidential information.  *See* Fed.R.Civ.P. 45(d)(3)(B)(i).

Any inquiry of willfulness necessarily must focus on what information was provided by the Third Parties to Zazzle.  Plaintiff can and should be required to obtain any such information directly from Zazzle.[9]  *See* Fed.R.Civ.P. 26(b)(2)(C)(i); *see also U.S. v. Capers*, 708 F.3d 1286 (11th Cir. 2013) (trial court properly exercised discretion when it quashed subpoena to third party, where defendant failed to establish that he could not obtain the subject materials from the plaintiff).  There is no reason that Third Parties with no relationship to this action should be forced to incur expense to comply with subpoenas for information that could be obtained directly from a participant in this litigation.  To the extent that Plaintiff is entitled to any additional information (beyond the existence of such lawsuits), any such information should be sought from Zazzle.  *See, e.g., International Coal Group, Inc. v. Tetra Financial Group,* LLC, 2:09–cv–115–CW–PMW, 2010 WL 2079675 D.Utah (May 24, 2010 ) (quashing subpoena that required disclosure of confidential information in case where protective order for confidential information had been entered); *see also In re Heraeus Kulzer GmbH*, No. 09–MC–0017, ,2011 WL 3330307 (E.D.Pa. Aug. 2, 2011.) (discussing that Court quashed third-party subpoenas for confidential information, because party had not established substantial need for the information, which could be obtained from a party to litigation).

*Second,* Plaintiff already has requested that Zazzle produce the documents in its possession related to prior lawsuits.  (Doc. Req. No. 5) (seeking "[a]ll written notices or claims of copyrights and protection against copyrights received by Defendant since January 1, 2000.").

---

[9] Zazzle does not concede that Plaintiff is entitled to the subject discovery.  However, the issue should be addressed in the context of Plaintiff's discovery requests to Zazzle, rather than through discovery of the Third Parties.

Thus, the Subpoenas also seek information that is improperly cumulative.  *See* Fed.R.Civ.P. 26(b)(2)(C)(i).

*Third*, the Subpoenas are overly-broad and seek information that goes far beyond any knowledge that Zazzle may have obtained through prior litigation.  To demonstrate willfulness through knowledge obtained from prior litigation, at most Plaintiff would be entitled to the complaints that have been filed (which, as previously noted, Plaintiff could obtain from Zazzle).  However, Plaintiff seeks "[a]ll records ….related to the unauthorized use of artwork, visual art, images, graphics, logos, trademarks, branding components and/or other intellectual property … by Zazzle, Inc. and/or its website located at www.zazzle.com."  Plaintiff also seeks any correspondence between Zazzle and the Third-Parties that references any intellectual property in any way, regardless of whether it concerns any alleged infringement or improper use of such intellectual property.  Information that is unrelated to any complaints of prior infringement could not possibly be relevant to this action.

*Finally,* Zazzle has not had any litigation related to intellectual property with: Hallmark Cards, The Walt Disney Company, or Warner Bros.  Thus, even if Plaintiff is entitled to limited discovery related to prior litigation with third-parties related to intellectual property, three of the Subpoenas are directed to parties that have not initiated litigation against Zazzle for misuse of their intellectual property.  Such parties could not possibly have any information that would be relevant to the issue of whether the alleged infringement by Zazzle at issue in this action was willful.

4818-8159-9263.5

## II.      The Re-Noticed Depositions Are Improper and Were Issued to Harass.

For purposes of brevity, Zazzle will not repeat its arguments concerning why the Re-Noticed Depositions are not appropriate at this time.[10]  Plaintiff's counsel's attempt to re-notice the depositions is a blatant abuse of discovery.  Faced with discovery demands that far exceed the scope of this action, Zazzle filed the First Motion for a Protective Order, seeking relief from the depositions.  Acknowledging the importance of staying discovery pending resolution of a motion for a protective order, Local Rule 26.2 specifically provides that, by filing the First Motion for Protective a Order, the subject depositions were stayed.  Rather than allowing Local Rule 26.2 to function as intended, Plaintiff's counsel persisted, at first demanding that the depositions proceed, and then, when Zazzle's counsel directed Plaintiffs' counsel to the rule, attempting to circumvent the rule and its obvious purpose by re-noticing the depositions.  The re-noticed depositions could have no purpose, other than to harass.[11]  The re-noticed depositions therefore are improper under Rule 26(g) and the explicit directives from the Court in its Scheduling Order.  Therefore, the Court should enter a protective order, striking the re-noticed depositions and awarding Zazzle its fees and costs incurred to bring this Motion.

## III.      Zazzle is Entitled to a Protective Order from Subsequent Discovery Abuse.

One thing has become abundantly clear: Plaintiff and his counsel will persist with their efforts to harass, despite Zazzle's good-faith attempts to resolve discovery disputes.  The re-noticed depositions are the latest in a string of Plaintiff's abusive tactics.  Zazzle accordingly

---

[10] Zazzle incorporates by reference its arguments from its pending First Motion for a Protective Order.

[11] Lest Plaintiff respond to this Motion by issuing new deposition notices, this Motion is intended to seek a protective order for any such subsequent attempts to re-notice any of the depositions that are the subject of the First Motion for a Protective Order.

4818-8159-9263.5

seeks an order preventing Plaintiff from seeking any further discovery without prior leave from the Court.

The court has broad authority to restrain abusive litigants. *Triparti v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1981). These powers include the ability to restrict future filings. *Charlotte v. Nelson*, No. 06-1580, 2007 WL 2320546, at *9 (D.Colo. Aug. 10, 2007). Some of the factors relevant in determining whether a litigant's future access to the courts should be restricted include: (1) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (2) whether other sanctions would be adequate to protect the courts and other parties. *United States v. Kettler*, No. 91-3011, 1991 WL 94457, at *6 (10th Cir. June 3, 1991).

In the present instance, Plaintiff has imposed needless expense upon Zazzle and has repeatedly imposed unnecessary burden upon both the Court and Zazzle in responding to not only to the Re-Noticed Depositions, but also to Plaintiff's overbroad and oppressive discovery. Plaintiff's repeated abuses, including using the meet and confer to process to further expand improper discovery, have made it abundantly clear that without prior restraint, Plaintiff will continue to use discovery as a way to harass Zazzle and impose unnecessary burdens upon this Court. Therefore, a protective order preventing Plaintiff from seeking additional discovery, without prior leave of the Court, is appropriate and necessary. *See, e.g., Keeler v. Aramark*, No. 10-1129, 2010 WL 3614220, at *2 (D. Kan. Sept. 3, 2010) (entering injunction against party that had filed four nearly-identical lawsuits).

## Conclusion

Plaintiff continues to use discovery for improper purposes. The Subpoenas are overbroad and seek confidential information from third parties, when any information could be obtained

directly from Zazzle.  Therefore, the Subpoenas should be quashed.  Plaintiff's attempt to re-notice depositions that have been stayed could not possibly have any valid purpose.  Re-noticing the depositions is a blatant abuse of discovery, forcing Zazzle to *again* move for a protective order to prevent the same depositions.  Zazzle is entitled to a protective order from the subject depositions, as well as an award of fees and costs in bringing this Motion.  Zazzle acknowledges that an order preventing subsequent discovery is rare, and Zazzle is not seeking to preclude legitimate discovery.  However, Plaintiff has attempted to use discovery in this action as a source of harassment.  This this is illustrated by the admission of Plaintiff's counsel that they have no knowledge whatsoever to believe that any of the re-noticed deponents actually have discoverable information concerning Plaintiff's very limited claims.  In order to protect Zazzle and others from subsequent harassment and undue expense, Zazzle seeks a protective order preventing Plaintiff from serving any further discovery without first obtaining leave from the Court to do so, and imposing any other sanctions the Court deems necessary and appropriate.

Dated: October 17, 2014.

By: s/ *Juliet A. Cox*
    Juliet A. Cox  KS# 17016
    Sara Gillette KS# 26573
    Samuel L. Blatnick (admitted *pro hac*)
    Attorneys for Defendant
    KUTAK ROCK LLP
    1010 Grand Boulevard, Suite 500
    Kansas City, MO  64106-2220
    (816) 960-0090 (Telephone)
    (816) 960-0041 (Facsimile)
    juliet.cox@kutakrock.com
    sara.gillette@kutakrock.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 17, 2014, I presented the foregoing to the clerk of the court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following:

Steven H. Mustoe                                    Arthur K. Shaffer
MUSTOE LAW FIRM, LLC                       INTELLECTUAL PROPERY CENTER, LLC
US Bank Building, 2nd Floor                     7101 College Blvd., Suite 1520
5100 W 95th Street, Suite #260                 Overland Park, KS 66210
Prairie Village, KS  66207                         ashaffer@theipcenter.com
smustoe@mustoelawfirm.com                   ATTORNEY FOR PLAINTIFF
ATTORNEYS FOR PLAINTIFF

                                      s/ *Juliet A. Cox*
                                      ATTORNEY FOR DEFENDANT

4818-8159-9263.5