UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOSEPH R. TOMELLERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-02576-EFM-TJJ |
| | ) | |
| ZAZZLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is again before the Court on Plaintiff's Motion to Amend Expert Disclosure and Metadata Deadlines Set Forth in Court's May 14, 2014 Scheduling Order (ECF No. 32). During a Status Conference held on September 15, 2014, the Court granted the motion insofar as it seeks an extension of the expert disclosure deadline. The Court deferred ruling on that part of Plaintiff's motion which seeks to extend the deadline to exchange electronically stored information (ESI) search terms. The Scheduling Order (ECF No. 20) set a July 1, 2014 deadline for providing a list of search terms if either party requested a search of ESI, but neither party had produced such list by the deadline. On August 13, 2014, approximately six weeks after the deadline had passed, Plaintiff filed the instant motion requesting an extension of the deadline.

Background

During the September 15 Status Conference, the Court and the parties discussed at some length issues relating to ESI, and specifically ESI search terms. Plaintiff was unable to provide any compelling reason for his failure to request a search of ESI with proposed search terms, or to file a timely motion for extension of time to do so, before the July 1, 2014 deadline. The Court deferred ruling on the requested extension and directed the parties to confer about the factual

1

basis of their ESI dispute, with the expectation that they would resolve or narrow the scope of their dispute.  The Court instructed the parties to advise by September 22, 2014 whether and when they would confer to resolve their ESI dispute.  Defendant's counsel timely reported that the parties had agreed to confer and were working to find a date and time, but the parties provided no further report.

On November 21, 2014, the Court conducted an in-person Status Conference.  In discussing the ESI issue, Plaintiff still did not explain his failure to timely propose ESI search terms, nor does it appear that he has ever proposed search terms.  He affirmatively declined Defendant's offer to allow him to manually inspect the image results from a search using the search term "fish," conceding that a manual inspection would not be productive because the search would take an unreasonably long time.  Indeed, Plaintiff now appears to concede that any manual search would be unduly burdensome at best, and perhaps not feasible.

Instead of further discussing search terms during the November 21 Status Conference, Plaintiff shifted his focus to express his desire to use image recognition software to examine Defendant's database.  Plaintiff appears to take the position that image recognition software is not ESI, although the only support he offered for his position was his observation that ESI usually pertains to documents.  Federal Rule of Civil Procedure 34 refutes that position.  In its list of items that a party may request another party to produce, the rule includes "any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."[1]  The images on Defendant's database

---

[1] Fed. R. Civ. P. 34(a)(1)(A).

constitute ESI, and what Plaintiff seeks is an extension of time in which to obtain information about the ESI, using image recognition software to view that information in reasonably usable form.

## Image Recognition Software

As best as the Court can determine, Plaintiff's earliest mention of image recognition software was in his First Motion to Compel Discovery (ECF No. 66), filed October 2, 2014. He repeated three times the following sentence with regard to Defendant's responses to Plaintiff's First Request for Production of Documents 3, 8, and 10: "Image recognition software that is widely known and freely available can search millions of images solely by visual features in a matter of seconds [and] has existed for nearly a decade."[2] During the November 21 Status Conference, Plaintiff raised the issue again and contended that image recognition software would be a quick and easy way to identify all images on Defendant's database that match Plaintiff's fish illustrations, and accordingly he proposed using the software as a way to move forward with his discovery.

Plaintiff has offered no legal authority or affidavits to support his assertions about the availability, reliability, cost, speed, or access requirements of image recognition software. In his First Motion to Compel Discovery, he offered nothing more than the sentence quoted above. At the November 21 Status Conference, Plaintiff showed the Court a one-page email message which purported to be from a representative of TinEye, a reverse search engine provider. The message suggested that TinEye could conduct an image recognition search of Defendant's database. Plaintiff did not attempt to introduce the email message into evidence, nor did he provide any foundation for its admission.

---

[2] ECF No. 66 at 7, 11, 13.

Defendant contends that Plaintiff's assertions about image recognition software are false. Defendant offers a declaration from Robert I. Beaver III, its co-founder and Chief Technology Officer, who states that Zazzle's image database contains more than 203 million images, representing more than 167 terabytes of data.[3]  Mr. Beaver's declaration further states that he is "generally familiar" with image recognition and image matching software, but he is not aware of any such software that can scan a database of more than 167 tarabytes of data for the purpose of image matching.[4]  Defendant also submitted a technical review article from a 2010 edition of the magazine of the Association for Computing Machinery, which suggests that there are considerable technical challenges to image recognition software.[5]  Defendant offers its unsupported assertion that image recognition software is still in its infancy and is not a robust or reliable product, and that a search of Defendant's database would yield over- or under-inclusive results.[6]  Specifically as to TinEye, Defendant asserts that TinEye's website shows its own search limitation of 200,000 images.[7]  In sum, Defendant asserts in its briefing that image recognition software is not a viable method of performing the search requested by Plaintiff.[8]

Although the declaration from Mr. Beaver is self-serving and Defendant's objections to the technology have minimal support, they are unrefuted.  In his reply in support of his Motion to Compel, Plaintiff offered no further support for or refutation of Defendant's arguments against

---

[3] ECF No. 124 at 1.

[4] *Id.* at 2.

[5] *See* ECF No. 126-1.

[6] *See* ECF No. 126 at 3-4.

[7] *See id.* at 3 n.2.

[8] *See id.*  at 4.

the usefulness of image recognition software.[9]  Nor did Plaintiff offer evidence or legal support during the November 21 Status Conference which would counter Defendant's arguments.

### Good Cause Under Rule 16(b)(4)

Plaintiff seeks to modify the Scheduling Order in this case with respect to its requirement that "[i]f a party requests a search of ESI, the requesting party will provide a list of no more than 25 search terms on or before July 1, 2014."[10]  A party who seeks modification of a scheduling order must show good cause to do so.[11]  To establish good cause under Rule 16(b)(4), the moving party must show that the deadline could not have been met even if it had acted with due diligence.[12]  The lack of prejudice to the nonmovant does not show good cause.[13]  A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[14]

The Court finds that Plaintiff has failed to demonstrate good cause to extend the deadline for ESI discovery.  Not only did his request came six weeks after the July 1 deadline expired, but he did not even serve his opening discovery requests until July 28, 2014.  Plaintiff's dilatory actions suggest a lack of understanding or perhaps disinterest in effective discovery.  In no instance has Plaintiff shown the Court his reason for missing the July 1 deadline.  He has now abandoned the substance of his first search term effort as futile, and he seeks to conduct the ESI

---

[9] *See* ECF No. 139.

[10] ECF No. 20 at 5.

[11] *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

[12] *Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *5 (D. Kan. Sept. 10, 2007).

[13] *Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group,* No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003).

[14] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. April 11, 2008).

discovery by a new means.  But as for the new means - image recognition software - Plaintiff has presented no evidence that the technique is feasible or would produce relevant results.  Plaintiff's request for an extension of the Scheduling Order deadline is untimely.

For its part, Defendant asserts that it is unable to produce the information Plaintiff seeks without performing a manual search, and that such a search would be unduly burdensome in time and expense.  Defendant calculates that a manual search would take more than 27 years and would cost more than $500,000 to complete.[15]  Plaintiff provides no argument in response.  Moreover, Plaintiff has not overcome Defendant's objections to the state of the technology and its application to Defendant's database.  The Court finds that Defendant would be unduly burdened by granting Plaintiff's motion.

Accordingly, insofar as it seeks an extension of the July 1, 2014 Scheduling Order deadline for ESI discovery, Plaintiff's Motion to Amend (ECF No. 32) is **DENIED** as untimely and unduly burdensome.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 5th day of December, 2014.

s/  Teresa J. James  
TERESA J. JAMES  
UNITED STATES MAGISTRATE JUDGE

---

[15] *See* ECF No. 126 at 4 & n.3.