UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOSEPH R. TOMELLERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-02576-EFM-TJJ |
| | ) | |
| ZAZZLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 104).  For the reasons set forth below, the Court will grant Plaintiff's motion.

**Background Information**

Plaintiff's Complaint asserts claims for direct, contributory, and vicarious copyright infringement and for injunctive relief.  He seeks leave to amend his complaint to add a count alleging that Defendant Zazzle, Inc. violated the Digital Millennium Copyright Act, 17 U.S.C. § 1202 ("DMCA").  Plaintiff asserts that he learned of the factual basis for the additional count from his expert witness, Jeff Sedlik.  Professor Sedlik's report is dated September 30, 2014.

Defendant opposes the motion on the basis that (1) it is untimely under the July 11, 2014 deadline set forth in the Scheduling Order[1] for motions to amend, and (2) the proposed amendment is futile because Plaintiff cannot recover on a claim that Defendant violated the DMCA.

**Standard for Ruling on a Motion to Amend**

---

[1] ECF No. 20.

1

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course before a responsive pleading is served.[2] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[3] The court should "freely give leave [to amend] when justice so requires,"[4] and the Supreme Court has emphasized that "this mandate is to be heeded."[5] A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment.[6] A proposed amendment is futile if the amended complaint would be subject to dismissal.[7] The purpose of Rule 15(a) "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[8]

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[9]

The Court will apply a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[10] In other words,

---

[2] Fed. R. Civ. P. 15(a)(1).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Id.*

[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010).

[7] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal citation omitted).

[9] Fed. R. Civ. P. 16(b)(4). In addition, the Scheduling Order in this case states that the schedule "will not be modified except by leave of court upon a showing of good cause." ECF No. 20 at 12.

[10] *See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group,* No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003).

the Court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard.[11]

To establish good cause under Rule 16(b)(4), the moving party must show that the deadline could not have been met even if it had acted with due diligence.[12] The lack of prejudice to the nonmovant does not show good cause.[13] A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[14]

**Timeliness**

Plaintiff acknowledges that his request for leave to amend his Complaint comes more than three months past the Scheduling Order deadline for motions to amend. He explains, however, that he learned of the basis for the amendment only after one of his expert witnesses informed Plaintiff of the results of his investigation. In that respect, Federal Rule of Civil Procedure 11(b) prevented Plaintiff from having stated a claim for violation of the DMCA until he had a basis for doing so. Plaintiff is not seeking an extension of any other deadlines in connection with this request.

Defendant argues that nothing precluded Plaintiff from undertaking the investigation at some earlier date. This conclusory statement does not show that Plaintiff failed to exercise due

---

[11] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

[12] *Id.* at *5.

[13] *Lone Star Steakhouse*, 2003 WL 21659663, at *2.

[14] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. April 11, 2008).

3

diligence.  Next, Defendant suggests that the three week delay between Professor Sedlik's report and Plaintiff's motion for leave to amend constitutes undue delay.  The legal support Defendant cites is a  case involving a six month lapse between the party learning of the information and seeking leave to amend.[15]  The Court does not find that Plaintiff filed his motion after undue delay.

In the context of this case, where Defendant has repeatedly resisted Plaintiff's discovery requests and minimal discovery has been completed, it is understandable that Plaintiff would belatedly obtain information to support the assertion of his new claim.  The Court finds that Plaintiff has demonstrated good cause.  Concomitantly, the Court finds that justice requires that Plaintiff be afforded the opportunity to amend his Complaint.

**Futility**

Defendant also asks the Court to deny Plaintiff leave to amend on the basis of futility, *i.e.* that Plaintiff's claim under the DMCA cannot succeed.  Defendant asserts that, to succeed under the DMCA, Plaintiff must establish that Zazzle either (1) intentionally removed or altered Plaintiff's "copyright management information," or (2) distributed Plaintiff's illustrations, knowing that his copyright management information had been removed or altered.

It is well settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[16]  Thus, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears "beyond a doubt" that a party can prove no set of facts in

---

[15] *Guidance Endodontics, LLC v. Dentsply Intern., Inc.,* No. CIV 08-1101 JB/RLP, 2009 WL 3672505, at *2 (D. N.M. Sept. 29, 2009).

[16] *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995).

support of the theory of recovery that would entitle him to relief.[17]  The issue before this Court is therefore not whether Plaintiff will ultimately prevail on his proposed DMCA claim, but whether he is entitled to offer evidence to support his allegations.

According to Defendant, Plaintiff has admitted that his illustrations "do not include copyright management information *in the form of metadata*."[18]  The DMCA defines copyright management information to include eight non-exhaustive categories of information.[19]  Defendant provides no legal analysis of those eight categories, nor does it offer legal authority which makes the field of copyright management information coterminous with metadata.  Plaintiff's counsel addressed the issue briefly during the November 21 Status Conference and stated that copyright management information includes the symbol ©, which he asserts Plaintiff places on his images when they appear in books.  Counsel also explained that Plaintiff does include metadata with his images when he places them on his own website.  Without knowing how Defendant obtained Plaintiff's images, Plaintiff cannot determine who removed the copyright management information.  The Court does not find it beyond doubt that Plaintiff can prove no set of facts in support of his DMCA claim that would entitle him to relief.[20]

**Conclusion**

For the reasons discussed above, the Court finds no basis to deny Plaintiff leave to amend to assert a claim for relief under the DMCA.  Accordingly,

---

[17] *Maher v. Durango Metal, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

[18] ECF No. 138 at 9 (emphasis added).

[19] *See* 17 U.S.C. § 1202(c)(1)-(8).

[20] Defendant has moved for leave to file a surreply in opposition to the instant motion (ECF No. 158).  **Error! Main Document Only.**The Tenth Circuit has stated that generally, a nonmoving party should be given an opportunity to respond to new material raised for the first time in a reply brief.  *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).  The Court finds that Plaintiff raised no new material in his reply brief, and accordingly denies Defendant's Motion for Leave to File Surreply in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 158).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 104) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to D. Kan. Rule 15(b), Plaintiff shall file and serve his First Amended Complaint on Defendant Zazzle, Inc. within 10 days of the date of this Memorandum and Order.[21]

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 5th day of December, 2014.

 s/  Teresa J. James
TERESA J. JAMES
UNITED STATES MAGISTRATE JUDGE

---

[21] Plaintiff's proposed First Amended Complaint also names as Defendants HistoricEaton, MotherThumper, and MNLakewear. Plaintiff also named those Defendants in his Complaint, but on March 11, 2014 he filed a Dismissal Without Prejudice as to all three. (ECF No. 12). The Court is granting Plaintiff leave to amend his complaint to add a claim under the DMCA only as to Defendant Zazzle. The Court's order should not be construed as a revival of Plaintiff's claims against HistoricEaton, MotherThumper, and MNLakewear.