UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH R. TOMELLERI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 13-cv-02576-EFM-TJJ |
| | ) |
| ZAZZLE, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND OPINION**

In the Order dated December 5, 2014, the undersigned Magistrate Judge ruled on Defendant Zazzle, Inc.'s Motion for An Order Limiting the Scope of Plaintiff's Rule 30(b)(6) Topics and Related Discovery, and for an Award of Sanctions Against Plaintiff's Counsel for Abusive Discovery (ECF No. 75), to address Zazzle's objections to specific topics included in the Amended Notice of Plaintiff's Rule 30(b)(6) depositions.[1]  The Court now issues this Memorandum and Opinion to provide the basis for those rulings and to address the remaining issues in Defendant's motion.

**I.    Background**

Plaintiff, an artist who creates illustrations of fish, brought this action for damages and injunctive relief claiming that Defendant Zazzle violated copyright laws by allowing third-party users of Zazzle's website to upload Plaintiff's illustrations to be replicated and sold for profit.[2] Zazzle operates through its website, Zazzle.com, where visitors to the website may create and purchase customized products by incorporating personalized images or text, or purchase products

---

[1] *See* ECF No. 75 (Defendant's Motion); ECF No. 64 (Plaintiff's Amended Notice).

[2] The Background section is largely taken from Defendant's motion.  Plaintiff did not take issue with Defendant's version or provide its own Background version.

1

which contain images that have been uploaded by third parties. These third parties place an uploaded image onto an image of a product that Zazzle sells and, once combined, display the product image on the customer's "storefront." The storefront is a user-specific webpage that a user can create on Zazzle's website; the customer uses the storefront to order a product that Zazzle creates by using an image supplied by a third party and placing that image on an item that Zazzle sells.

Zazzle represents that it requires each third-party user to execute agreements which, among other things, act to prevent and detect copyright infringement.

On June 12, 2012, Plaintiff's counsel contacted Zazzle and complained of copyright infringement. Zazzle represents that it immediately removed the allegedly infringing product images and told Plaintiff the quantity and dollar value of the products at issue. On November 5, 2013, Plaintiff filed his complaint alleging that Zazzle violated copyright laws because several of Plaintiff's copyrighted images have been uploaded and made available for sale on Zazzle's website.

Skipping over much of the history of this particular dispute, Plaintiff served an Amended Notice of Plaintiff's Rule 30(b)(6) Deposition with 38 topics, many with subparts.[3] Plaintiff also served notices for eight individual depositions.[4] Defendant now seeks a protective order which limits the scope of the 30(b)(6) depositions, precludes Plaintiff from taking additional depositions without leave of court, and awards sanctions.

---

[3] ECF No. 64.

[4] ECF Nos. 90-97.

Defendant includes in its supporting suggestions a statement of good faith attempt to resolve dispute.[5] Defendant refers to the communications between the parties and attaches copies of their email and letter correspondence.[6] The Court finds that the parties largely complied with their duty to confer under D. Kan. R. 37.2. With respect to Topic Nos. 24, 29, 31, 37, and 38, the Court notes that Defendant did not include these requests in its objections to Plaintiff's 30(b)(6) deposition notice,[7] and consequently the parties' subsequent communications were likewise silent on those topics. Given the parties' seeming inability to move forward with discovery absent the Court's ruling on this motion, however, and under the Court's authority pursuant to Fed. R. Civ. P. 26(b)(2)(C), the Court has considered the motion in toto.

## II.     Legal Standard for Protective Order

Defendant seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c). That rules provides, in pertinent part, that for good cause the court may issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[8] The party seeking the protective order has the burden of demonstrating good cause for it.[9] To establish good cause, the moving party must offer "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[10] Even upon a showing of good cause, however, the Court also considers other factors that were or could

---

[5] *See* ECF No. 76 at 7.

[6] *See* ECF No. 76 Exs. 1, 3-6.

[7] *See* ECF No. 76-3.

[8] Fed. R. Civ. P. 26(c)(1)(A).

[9] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[10] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 N. 16 (1981).

3

have been presented by the party seeking discovery to determine whether the totality of the circumstances justifies the entry of a protective order.[11]

The court has broad discretion to decide when a protective order is appropriate and what degree of protection is warranted.[12] The Supreme Court has recognized that "[t]he trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[13] Notwithstanding this broad grant of discretion, a court may issue a protective order *only* if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, *i.e.* that the requested order is necessary to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense."[14]

### III. Defendant's Objections to the Rule 30(b)(6) Deposition Topics

When a party seeks to depose a corporation or other entity, the notice of deposition "must describe with reasonable particularity the matters for examination."[15] The areas of inquiry are also constrained by the general scope and limits of discovery set out in Fed. R. Civ. P. 26(b). For Rule 30(b)(6) "to effectively function, the requesting party must take care to designate, with

---

[11] *See Citimortgage, Inc. v. Sanders*, No. 11-CV-2540-EFM-GLR, 2012 WL 6024641, at *2 (D. Kan. Dec. 4, 2012). The Court makes specific reference to its consideration of the totality of the circumstances because Plaintiff's response to Defendant's motion is wholly devoid of legal authority and is short on analysis. *See* ECF No. 125. On the other hand, Defendant has successfully avoided virtually all of Plaintiff's discovery efforts to this point, and the Court sees a need to take a comprehensive look at this discovery dispute "to weigh fairly the competing needs and interests of [the] parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 22 (1984).

[12] *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[13] *Seattle Times*, 467 U.S. at 36.

[14] *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007) (quoting Fed. R. Civ. P. 26(c)).

[15] Fed. R. Civ. P. 30(b)(6).

painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."[16]  A notice for a Rule 30(b)(6) deposition that is not so constrained but is instead overly broad "subjects the noticed party to an impossible task."[17]

Where a party seeks a protective order to avoid undue burden based on relevance of the topics specified in the notice, the court must maintain its liberal approach to discovery relevance where relevancy is broadly construed and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party.[18]

Defendant objects to 17 of Plaintiff's 38 topics,[19] and its objections are primarily that the topics are overbroad or beyond the scope of relevancy.  The Court has ruled on each objection and now sets forth the reasons underlying each ruling.

Topic Nos. 5 and 6: Defendant objects to providing information regarding its use of redirected advertising and metadata tags or fields "in any [non-sales] aspect of Zazzle's business."  Defendant argues that Plaintiff's claims are limited to the sale of products allegedly bearing his illustrations, and that information about other aspects of Zazzle's business is not remotely relevant.  Plaintiff contends that he is entitled to inquire about Zazzle's other forms of business because he does not understand Zazzle's methods and this information may reveal other means of infringement.  Plaintiff's explanation and the allegations in his complaint provide no basis for the Court to find that information about "any other aspect of Zazzle's business" is a

---

[16] *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006).

[17] *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).

[18] *Cooper v. Old Dominion Freight Line, Inc.*, No. 09-CV-2441 JAR, 2011 WL 124567, at *3 (D. Kan. Jan. 14, 2011) (internal citations omitted).

[19] *See* Notice of Plaintiff's Rule 30(b)(6) Deposition (ECF No. 62).

proper topic for a Rule 30(b)(6) deposition.[20]  The Court finds that such a request is overly broad, encompasses matters irrelevant to the claims and defenses in this case, and would constitute an undue burden on Defendant.  Accordingly, as the Court's order (ECF No. 162) states: The requested protection is granted in part.  These topics shall be limited to redirected advertising and metadata tags or fields related to sales of Zazzle products.  The concluding clause(s), **"**any other aspect of Zazzle's business**"** is overbroad and the Court strikes that portion of Topics 5 and 6.

Topic No. 11:  Plaintiff seeks information about the "database(s), application(s), software, and/or systems used by Zazzle in conducting business, including conducting business online."  Defendant objects to this topic on the ground that company-wide discovery unrelated to any alleged infringement is overbroad as a matter of law, and that information related to Zazzle's alleged infringement is covered by several other topics.  Plaintiff says that he does not know where or how Zazzle keeps and maintains its images, and he is entitled to inquire about Zazzle's databases, software, and systems that relate to infringement.  The Court finds Defendant's characterization of this request as seeking "company-wide" discovery to be inaccurate and the cases it cites are not on point.[21]  The Court further finds, however, that this topic does not describe a subject area that is relevant to the issues in dispute in this case.  The topic is overly broad and written so generally that it would extend to every aspect of Defendant's databases and computer systems.  Plaintiff seeks this same information with greater specificity in other topics to which Defendant has not objected.  Accordingly, as the Court's order (ECF No. 162) states: The requested protection is granted.  The Court strikes Topic 11.

---

[20] The Court's view is the same with respect to the allegations in Plaintiff's proposed First Amended Complaint.

[21] *See* ECF No. 76 at 9-10, 11.

Topic Nos. 15 and 16:  Plaintiff seeks information about the manner and method related to two aspects of Defendant's advertising, revenue generation and tracking.  Zazzle objects that internet advertising is not related to Plaintiff's claims and that Plaintiff merely hopes to discover other acts of alleged infringement through this topic.[22]  Zazzle also argues that this is improper company-wide discovery.  As the Court has noted, the cases Defendant cites with respect to company-wide discovery are not on point.  Plaintiff responds that he is aware of instances where Zazzle used his images to make money through internet advertising.  To the extent that these topics seek information beyond Zazzle's use of Plaintiff's images, the Court finds that they are overly broad.  Accordingly, as the Court's order (ECF No. 162) states:  The requested protection is granted in part.  These topics shall be modified to read as follows:

> Whether Zazzle received revenue from internet advertising by utilizing Plaintiff's images and, if so, the manner and method by which Zazzle generated revenue for sales of such advertising (No. 15); and the manner and method by which Zazzle tracked or tracks revenue and expenses related to such advertising (No. 16).

Topic Nos. 18 and 19:  Plaintiff seeks information related to Zazzle's use of images or designs uploaded by Sellers or Affiliates for internet and non-internet advertising and any revenue generated or expenses incurred in connection therewith.  Defendant objects that these topics are overly broad and wholly irrelevant because Plaintiff has not alleged that Defendant uses Plaintiff's images for advertising.  Plaintiff responds that he is entitled to this information for the reasons set forth in Topic Nos. 15 and 16.  To the extent that these topics seek information beyond Zazzle's use of Plaintiff's images, the Court finds that they are overly broad.  Accordingly, as the Court's order (ECF No. 162) states:  The requested protection is granted in part.  These topics shall be modified as follows:

---

[22] Defendant suggests that such a "fishing expedition" is at the heart of many of Plaintiff's requests.

Zazzle's use of Plaintiff's images or designs uploaded by Sellers or Affiliates for internet advertising and any revenue generated or expenses incurred in using such images or designs (No. 18); and Zazzle's use of Plaintiff's images or designs uploaded by Sellers or Affiliates for advertising and any revenue generated or expense incurred for such use (No. 19).

Topic No. 20: Plaintiff seeks information related to any third parties' use of images uploaded to Zazzle for internet advertising.  Defendant objects that it cannot produce such information because any third parties Plaintiff might be describing are not within Zazzle's possession, custody, or control.  Plaintiff responds that it is entitled to such information to the extent that images uploaded to Zazzle's website are used to promote, advertise, or otherwise compensate Zazzle.  Plaintiff's response does not address the assertion that the information it seeks is not within Zazzle's possession, custody, or control.  The request is unduly burdensome and likely subjects Defendant to an impossible task.  Accordingly, as the Court's order (ECF No. 162) states:  The requested protection is granted.  The Court strikes this topic.

Topic Nos. 22, 24, and 29: Plaintiff seeks information relating to any copyright infringement or DMCA claims involving Zazzle (Topic No. 22) and Zazzle's methods for preventing and responding to claims of copyright infringement (Topic Nos. 24 and 29).  Defendant objects that such information would not be admissible.  Admissibility is not the standard, of course, and the Court finds that the subject matter is relevant.  In addition, Defendant has opened the door to this discovery by putting at issue its methods for preventing and detecting copyright infringement.  Accordingly, as the Court's order (ECF No. 162) states:  The requested protection is denied.  These deposition topics will be allowed.

Topic No. 23: Plaintiff seeks information concerning financial performance for Zazzle including an explanation of Zazzle's financial statements and accounting methods.  Defendant objects that the request is facially overbroad as it seeks detailed financial information regarding

8

the entirety of Zazzle's business. Plaintiff asserts that it is entitled to inquire as to Zazzle's gross profits, gross margins, revenues and expenses related to the allegedly infringing images and to indirect sales made by virtue of such images. The Court agrees with Plaintiff's statement, and Plaintiff has offered to limit the topic to these items. Defendant concedes that Plaintiff is entitled to discovery on the available categories of damages for Defendant's alleged infringement of Plaintiff's copyrighted images. Although the court mistakenly stated in its order (ECF No. 162) that Topic No. 23 is stricken, the Court hereby amends the order to modify the topic as follows:

> Zazzle's gross profits, gross margins, revenues and expenses related to the allegedly infringing images from whatever source, as well as indirect and redirect sales made by virtue of Zazzle's use of the infringing images.

Topic No. 28: Plaintiff seeks information regarding the business method and explanation of the software used in the operation of the Zazzle business that creates images of products available for sale. Defendant objects to the request as being vague and unclear and asks that Plaintiff modify the request. To the extent that the request seeks information about the specific software Defendant uses, Defendant objects that the information is proprietary and far beyond the scope of this lawsuit. Plaintiff responds that it is simply seeking to gain an understanding of the method and manner as to how the software works, from uploading an image through sale of the product, including accounting for all associated revenues and expenses. With that limitation, the Court agrees that Plaintiff is entitled to the requested information. Accordingly, as the Court's order (ECF No. 162) states: The requested protection is granted in part. This topic is modified to:

> Seek an explanation of the functionality of the software used in the operation of the Zazzle business that creates images of products available for sale.

Topic No. 30: Plaintiff seeks information concerning all companies affiliated or in any way related, by contract, ownership, or otherwise, with Zazzle that have used Plaintiff's

9

illustrations upon products made or sold by Zazzle or any person or entity compensating Zazzle for the sale of such products. Defendant objects that the request is unclear and vague and seeks information that is within Plaintiff's possession. Plaintiff responds that it is entitled to learn whether Zazzle is compensated by third parties for making or selling products or advertisements using Plaintiff's illustrations or other uploaded images. As modified, the Court agrees that the topic seeks relevant information. Accordingly, as the Court's order (ECF No. 162) states: The requested protection is granted in part. This topic is modified to**:**

> Discover information concerning all third parties of which Zazzle is aware that have paid or been paid any amount of money as a result of the sale of Zazzle products using Plaintiff's illustrations.

Topic No. 31: Plaintiff seeks information regarding Zazzle's relationship with Pinterest.com.[23] Defendant asserts that Plaintiff has made no allegations that would place any relationship between Zazzle and Pinterest.com at issue, and that seeking information about a "relationship" is impermissibly vague. Plaintiff contends that Zazzle's infringing products have appeared on Pinterest.com and that he is entitled to know whether a relationship exists between the two entities. The Court finds that this request is not relevant to the issues in this case. To the extent that Zazzle's alleged infringement includes any relationship it has with Pinterest.com, such information should be included in Topic Nos. 1 through 4. Accordingly, as the Court's order (ECF No. 162) states: The requested protection is granted. The Court strikes this topic.

Topic Nos. 37 and 38: Plaintiff seeks information on all advertising networks used by Zazzle (Topic No. 37) and on the advertising format on which any image uploaded to Zazzle

---

[23] Pinterest is a web and mobile application company that offers a visual discovery, collection, sharing, and storage tool. Users create and share the collections of visual bookmarks (boards). Boards are created through a user selecting an item, page, website, etc. and pinning it to an existing or newly created board. *See* http://en.wikipedia.org/wiki/Pinterest.

appears for each advertising network used by Zazzle, including a description of each such format and the quantity of impressions and clicks for each (Topic No. 38).  Defendant objects that the term "advertising network" is not defined, that Plaintiff has made no allegation that any advertising networks are involved in the alleged infringement, and that Plaintiff is not entitled to company-wide information.  Plaintiff contends that to the extent Zazzle generates revenue through advertising networks using infringing images, these requests relate to Zazzle's liability for contributory and vicarious infringement.  As previously stated, the Court does not accept Defendant's attempt to equate Plaintiff's global requests with the sort of company-wide discovery that is at issue in the cases Defendant cites.  However, Plaintiff points to no allegations in his complaint which would address Zazzle's advertising networks, and the Court finds that the request is not relevant to any issue in the case.  Accordingly, as the Court's order (ECF No. 162) states:  The requested protection is granted.  The Court strikes these topics.

## IV.     Defendant's remaining requests

Defendant seeks an order requiring Plaintiff to seek leave to depose any individual witnesses following the completion of the Rule 30(b)(6) depositions.  The Court declines to enter such an order and refers the parties to ECF No. 162 at page 3.

Defendant also seeks sanctions in connection with its motion.  Exercising its authority under Fed. R. Civ. P. 37(a)(5)(C), the Court declines to award Defendant its reasonable expenses incurred in making the motion.  Defendant did not wholly prevail.  In many instances, the Court has rejected Defendant's wholesale objection and has ruled that a modified topic is permissible.

## V.     Conclusion

The Court's order dated December 5, 2014 (ECF No. 162) is incorporated and confirmed in this memorandum and opinion with the exception of the ruling on Topic No. 23.  For the

reasons stated herein, the order (ECF No. 162) is hereby AMENDED to modify Topic 23 as follows:  Zazzle's gross profits, gross margins, revenues and expenses related to the allegedly infringing images from whatever source, as well as indirect and redirect sales made by virtue of Zazzle's use of the infringing images.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 12th day of December, 2014.

s/  Teresa J. James  
TERESA J. JAMES  
UNITED STATES MAGISTRATE JUDGE
