## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSEPH R. TOMELLERI,           )
                                          )
                     Plaintiff,      )
                                          )
v.                                 )         Case No. 13-cv-02576-EFM-TJJ
                                          )
ZAZZLE, INC.,                 )
                                          )
                  Defendant.     )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant Zazzle's Motion to Quash Third-Party Subpoenas (ECF No. 100).[1] Plaintiff issued seven third-party subpoenas which directed the corporate recipients to produce documents related to their intellectual property interactions with Zazzle, including any claims of infringement by Zazzle.   For the reasons set forth below, the Motion to Quash is denied.

## I.     BACKGROUND FACTS

The parties' discovery disputes are well-documented in earlier orders from this Court, and facts beyond those relevant to the outstanding third-party subpoenas need not be repeated. Following service of Notices of Intent to Serve Subpoenas, Plaintiff caused Third-Party Subpoenas Duces Tecum to be served on seven businesses, all of which own copyrighted or trademarked images that have presumably been uploaded onto Zazzle's website, Zazzle.com. The subpoena recipients are Hallmark Cards, Inc., Lions Gate Entertainment Inc., North Jersey Media Group, Inc., Summit Entertainment, LLC, The Walt Disney Company, Universal Studios

---

[1] The motion also sought an order protecting Zazzle from eight deposition notices and preventing Plaintiff from issuing any further discovery without leave of Court. *See* ECF No. 100 at 1.  The undersigned Magistrate Judge has addressed those issues in other rulings and the parties concur that no further ruling is necessary. *See, e.g.,* ECF No. 172.

Entertainment, Inc., and Warner Bros. Entertainment, Inc.[2]  Zazzle responded with the instant motion.

## II.      ARGUMENTS ASSERTED FOR AND AGAINST QUASHING THE SUBPOENA

Recognizing that courts allow plaintiffs in copyright infringement actions to establish willful conduct by presenting evidence of other lawsuits against the defendant for the same conduct, Zazzle nonetheless argues that Plaintiff's subpoenas are overbroad because they seek every document in the third parties' possession relating to claims of copyright infringement against Zazzle.[3]  Zazzle also argues that to the extent Plaintiff is entitled to any such information, he should seek to obtain it from Zazzle rather than from the non-parties who have been subpoenaed.  And because Plaintiff has requested that Zazzle produce documents related to prior lawsuits, the subpoenas are improperly cumulative.  Additionally, Zazzle argues that the subpoenas are overbroad because they seek correspondence between the third parties and Zazzle that refers to intellectual property in any way.  Finally, Zazzle asserts that because Hallmark Cards, Inc., The Walt Disney Company, and Warner Bros. Entertainment, Inc. have not filed lawsuits against Zazzle, those parties could not possibly have information as to whether Zazzle's alleged infringement in this case was willful.

Plaintiff argues that he seeks information from companies that do business with Zazzle and are known for safeguarding intellectual property rights in their copyrighted material. Plaintiff contends that the purpose of such discovery is to counter Zazzle's representation that it does not infringe, it is not responsible for infringement occurring on its website, and it has no ability to prevent infringement.  Plaintiff argues that he is entitled to conduct discovery to

[2] *See* ECF Nos. 82-88 (Notices of Intent to Serve Subpoena); ECF Nos. 106-111, 113 (Returns of Service).

[3] *See* ECF No. 101 at 9 & n.8.

challenge each of those representations.  Implying that entities such as Hallmark Cards, Inc. and

The Walt Disney Company require protection, Plaintiff states his belief that Zazzle does police

its own website against infringing use of certain copyrighted material.  Through the subpoenas,

Plaintiff seeks to understand the methods Zazzle uses with these seven companies to ensure

against infringement.

Neither party discusses Fed. R. Civ. P. 45, which governs subpoenas and motions to

quash, with the exception of Defendant's mention of a protective order under the former Rule

45(d)(3)(B)(i).[4]

## III.   ANALYSIS

Fed. R. Civ. P. 45, which governs motions to quash subpoenas, was amended effective

December 1, 2013.  Prior to the amendment, Rule 45 required that subpoenas issue from the

district where compliance was required.[5]  The issuing court retained the authority to modify or

quash the subpoena.[6]  After the 2013 amendment, however, subpoenas must be *issued* from the

court where the action is pending,[7] but the authority to *quash* or modify the subpoena remains

with "the court for the district where compliance is required."[8]  Although transfer of a motion to

---

[4] *See* ECF No. 101 at 10; ECF No. 142 at 4.

[5] *See* Fed. R. Civ. P. 45(a)(2) (2011) (stating that subpoenas "must issue as follows . . . for production or inspection, . . . from the court for the district where the production or inspection is to be made").

[6] *See* Fed. R. Civ. P. 45(c)(3) (2011) (stating that the "issuing court must quash or modify" subpoenas).

[7] Fed. R. Civ. P. 45(a)(2).

[8] Fed. R. Civ. P. 45(d)(3)(A), (B).

quash from the court where compliance is required to the issuing court is permitted under the rule in certain circumstances, any such transfer is not initiated by the issuing court.[9]

Plaintiff directed Hallmark Cards, Inc. to produce the subpoenaed documents in the District of Kansas;[10] Lions Gate Entertainment Inc., Summit Entertainment, LLC, The Walt Disney Company, and Universal Studios Entertainment, Inc. are to produce documents in Los Angeles, California;[11] and North Jersey Media Group, Inc. and Warner Bros. Entertainment, Inc. are to produce documents in New York, New York.[12] The "district[s] where compliance is required" are therefore the District of Kansas, the Central District of California, and the Southern District of New York. No motion to quash has been transferred from another court, and this Court's authority is therefore limited to ruling on Defendant's motion insofar as it relates to the subpoena served on Hallmark Cards, Inc.[13]

Subsections 45(d)(3)(A)(i)-(iv) of the Rule *require* the court to quash or modify a subpoena that (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond the geographical limits specified in Rule 45(c), (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (4) subjects a person to undue

---

[9] *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court.").

[10] *See* ECF No. 82-1.

[11] *See* ECF Nos. 83-1, 85-1, 86-1, 87-1.

[12] *See* ECF Nos. 84-1, 88-1.

[13] *See Synqor, Inc. v. Vicor Corp.*, No. 3:14-mc-79-D-BN, 2014 WL 2519242 (N.D. Tex. June 3, 2014); *Meyer v. Receivables Performance Mgmt., LLC,* No. C12-2013RAJ, 2014 WL 1976664 (W.D. Wash. May 14, 2014); *Semex Alliance v. Elite Dairy Genomics, LLC,* No. 3:14-cv-87, 2014 WL 1576917 (S.D. Ohio April 18, 2014).

burden.[14]  Subsections 45(d)(3)(B)(i)-(ii) of the Rule *permit* the court to quash or modify a subpoena that requires (1) disclosure of a trade secret or other confidential research, development, or commercial information, or (2) disclosure of an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.[15]

Zazzle relies on only one of the enumerated grounds which would require or permit this Court to quash the Hallmark Cards subpoena.  Zazzle asserts that the information Plaintiff seeks would require Hallmark Cards to disclose confidential information and trade secrets, along with privileged work-product from prior and pending litigation.  Zazzle provides no evidentiary support for its conclusory assertion.

Zazzle's motion to quash the Hallmark Cards subpoena fails for three reasons.  First, Zazzle makes no showing that it has standing to challenge the subpoena.  "A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed."[16]  An exception exists where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.[17]  Here, Zazzle has failed to explain how it has some personal right or privilege to protect with regard to the documents sought from Hallmark Cards.  Zazzle makes no such argument, although certainly Zazzle would have raised the issue if Zazzle had reason to believe that a personal right or privilege exists.

---

[14] Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

[15] Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii).

[16] *Kan. Health Care Ass'n, Inc. v. Kan. Dep't of Soc. & Rehab. Servs*, Civ. A. No. 90-4207-S., 1990 WL 255000, at *1 (D. Kan. December 18, 1990).

[17] *Id.*

Second, even if Zazzle could reasonably assert a privilege as to documents within Hallmark Cards' possession, a party objecting to a subpoena on that basis bears the burden of establishing that privilege applies by describing in detail the documents or information to be protected and providing precise reasons for the objection.[18]  Zazzle has asserted no facts to establish privilege.

Finally, even if Zazzle had standing to challenge the subpoena, the Court would reject the argument that Hallmark Cards could not have relevant information because Zazzle has not had any litigation related to intellectual property with that company.  The Court recognizes that the scope of discovery under a subpoena is the same as discovery under Rule 26.[19]  Specifically, Fed. R. Civ. P. 26(b) allows parties to seek discovery of any nonprivileged information relevant to any party's claims or defenses.[20]  Relevance is construed broadly; "a request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party."[21]

Plaintiff's subpoena commands Hallmark Cards to produce documents which relate to Zazzle's unauthorized use of Hallmark Cards' intellectual property; Zazzle's methods for protecting against such unauthorized use; and communications between Zazzle and Hallmark

---

[18] *Phalp v. City of Overland Park, Kan.*, No. 00-2354-JAR, 2002 WL 1162449, at *2 (D. Kan. May 8, 2002).  Rule 45 also addresses the showing that a person must make who is withholding subpoenaed information as privileged or subject to protection as trial-preparation material.  *See* Fed. R. Civ. P. 45(e)(2)(A).  In this instance, the rule would apply to Hallmark Cards and not to Zazzle.

[19] *Schneider v. CitiMortgage, Inc.,*, No. 13-4094-SAC, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014).

[20] Fed. R. Civ. P. 26(b)(1).

[21] *Schneider*, 2014 WL 4749181, at *2 (quoting *The Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.*, 211 F.R.D. 658, 663 (D. Kan. 2003)).

Cards relating to intellectual property, infringement, and/or settlement.[22]   Clearly, Plaintiff's discovery request is not limited to litigation between Hallmark Cards and Zazzle.  Given the allegations of Plaintiff's First Amended Complaint, the Court finds that its discovery requests are relevant to Plaintiff's efforts to understand Zazzle's ability and methods to police infringement on its website, and to discover other alleged acts of infringement by Zazzle to support Plaintiff's claim of willful infringement.

      **IT IS THEREFORE ORDERED** that Defendant Zazzle's Motion to Quash Third-Party Subpoenas (ECF No. 100) is **DENIED**.

      **IT IS SO ORDERED.**

      Dated in Kansas City, Kansas on this 28th day of January, 2015.

<u>s/  Teresa J. James</u>
Teresa J. James
U.S. Magistrate Judge

---

[22] *See* Subpoena Exhibit A (ECF No. 82-1 at 4).