## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSEPH R. TOMELLERI,                )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )          Case No. 13-cv-02576-EFM-TJJ
                                    )
ZAZZLE, INC.,                       )
                                    )
                    Defendant.      )

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Zazzle Inc.'s Motion for Leave to Supplement Defendant's Expert Disclosures (ECF No. 235), in which Zazzle seeks to supplement its Rule 26 disclosures for expert witness Brandon Law.  Plaintiff opposes the motion.  For the following reasons, the Court denies the motion.

The Court cannot reconcile the parties' competing versions of the underlying facts relating to Zazzle's identification of Mr. Law as an expert witness and service of its Rule 26(a)(2)(B) and/or (C) disclosures.  Although Zazzle requests that the Court issue an order "granting it leave to *formally supplement* its expert disclosures,"[1]  Plaintiff contends that the instant motion is its first notice that Zazzle seeks to identify Mr. Law as a testifying expert witness.  On the record before the Court, it appears that Plaintiff is correct.

According to Zazzle, it served Mr. Law's first declaration on January 16, 2015 and added Mr. Law to its Rule 26 disclosures.  Plaintiff disagrees, stating that Zazzle did not produce Mr. Law's first declaration until February 21, 2015.  The docket sheet indicates that on January 13, 2015, Zazzle filed a certificate of service of its Supplemental Rule 26 Disclosures via email on

---

[1] Zazzle's Motion (ECF No. 235) at 1 (emphasis added).

January 9.  Although the docket sheet contains no reference to a January 16 certificate of service via FedEx, Zazzle has provided FedEx receipts verifying delivery of envelopes to Plaintiff's counsel on January 20, 2015.[2]  However, what is markedly absent from Zazzle's statement that it "added Mr. Law to its Rule 26 disclosures" is a representation that Zazzle identified Mr. Law as a witness "retained or specially employed to provide expert testimony in the case."[3]  The Declaration of Brandon Law dated January 16, 2015 does not contain the items required in a testifying expert's report.[4]

Zazzle's exhibit to the instant motion shows that it identified Mr. Law as a testifying expert on the day Zazzle filed this motion; the day before, Mr. Law signed a report consistent with the obligations of a testifying expert.[5]  Absent other evidence to the contrary, the Court finds that this was Zazzle's earliest notice to Plaintiff that it intends for Mr. Law to be a testifying expert witness.[6]

The rebuttal expert deadline was December 8, 2014.  The Court is aware that Plaintiff did not file his Amended Complaint (asserting the claim that is the subject of Mr. Law's testimony) until December 15, 2014.  Plaintiff's filing was timely, however, as the Court's December 5 order allowed Plaintiff 10 days to file his Amended Complaint.[7]  Zazzle did not request an extension of the December 8 expert rebuttal witness deadline.  Zazzle identified Mr. Law as an

---

[2] *See* ECF No. 240-1 at 4-7.

[3] Fed. R. Civ. P. 26(a)(2)(B).

[4] *See* Declaration of Brandon Law (ECF No. 240-1).  The Declaration contains no exhibits, does not list Mr. Law's qualifications or other cases in which he appeared as an expert witness, and does not include a statement of his compensation.  *See* Fed. R. Civ. P. 26(a)(2)(B)(iv)-(vi).

[5] *See* Defendant's Supplemented Disclosure of Expert Witnesses (ECF No. 235-1).

[6] As Plaintiff points out, Zazzle did not raise the issue during the Court's February 25, 2015 telephone Status Conference.

[7] *See* ECF No. 161.

expert witness three months later.  Plaintiff claims that Zazzle's request prejudices him because if Zazzle is allowed to amend its rebuttal experts to add a new expert witness, Plaintiff would need additional time to retain a rebuttal expert or supplement the reports of his current expert witnesses.[8]  Zazzle replies that Plaintiff will not suffer prejudice because he was aware of "Mr. Law's limited testimony" almost two months before the close of discovery, and because Mr. Law's second declaration is nearly identical to his first.[9]  The significant difference is that Zazzle did not identify Mr. Law as a testifying expert witness when it provided his first declaration. Zazzle further states that Plaintiff could correct the prejudice because Zazzle has consented to Plaintiff hiring another expert witness.[10]  The Court does not find that forcing a party to retain another expert witness is an appropriate cure for prejudice, particularly when discovery has closed and the Court has stated that there will be no further amendments to the Scheduling Order.[11]

The Court finds that Zazzle has not shown good cause why it should be permitted to designate Brandon Law as an expert witness and serve his report three months after the applicable expert witness deadline has passed.  Given the factual background, the Court suspects that as of January 16, 2015, Zazzle did not intend or represent that Mr. Law would be an expert witness.  It is likely a much more recent decision.  The Court's suspicion appears substantiated by Zazzle's final fallback argument, which is that Zazzle filed the motion out of an abundance of caution because it is "debatable" whether Mr. Law's two declarations would be deemed expert testimony.  If the Court were to deny its motion, Zazzle requests an order that Mr. Law's

---

[8] *See* Plaintiff's Opposition (ECF No. 238) at 2.

[9] *See* Zazzle's Reply (ECF No. 240) at 3.

[10] *Id.*

[11] *See* Third Amended Scheduling Order (ECF No. 255) at 2.

testimony is not expert testimony.[12]  The undersigned Magistrate Judge will not issue such a ruling, as it is better left for decision by the presiding District Judge closer to trial.

Accordingly, Defendant Zazzle Inc.'s Motion for Leave to Supplement Defendant's Expert Disclosures (ECF No. 235) is **DENIED**.

IT IS SO ORDERED.

Dated this 20th day of April, 2015 in Kansas City, Kansas.


 s/  Teresa J. James
TERESA J. JAMES
UNITED STATES MAGISTRATE JUDGE

---

[12] *Id.* at 4.