IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH R. TOMELLERI,

    Plaintiff,

v.

ZAZZLE, INC.

    Defendant.

Case No.: 13-cv-2576 EFM/TJJ

## ZAZZLE, INC.'S *DAUBERT* MOTION TO EXCLUDE THE PROFFERED EXPERT TESTIMONY OF MARK KEEGAN

Defendant, Zazzle, Inc. ("Zazzle"), moves the Court for an order pursuant to Federal Rules of Evidence 104 and 702, and *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993) and its progeny, excluding the expert report and testimony of Mark Keegan, whom Plaintiff has designated as his damages expert. *See* (Pl. Am. Rule 26(a)(2) Disclosure).

Mr. Keegan is a licensed attorney, who conducts consumer research surveys to determine whether trade names, logos or other items are similar in a manner that causes consumer confusion. Mr. Keegan has no financial education, licensure or training, and this case is the first time he has ever calculated damages under the Digital Millennium Copyright Act. Mr. Keegan lacks the requisite specialized training, education or expertise to offer damages opinions.

Mr. Keegan provides ranges of potential damages under the Copyright Act and the Digital Millennium Copyright Act. He does not offer any opinion concerning the appropriateness of any specific amount(s) within those ranges. Mr. Keegan did not employ any methodology other than multiplying the amounts identified in the respective statutes by the number of alleged "uses" provided to him by Plaintiff. Mr. Keegan's opinions are not the product of a relevant or reliable methodology, and his opinions will not aid the jury.

1

Plaintiff's method for identifying the "uses" that Mr. Keegan multiplied by the high and low statutory amounts is inconsistent with the statutes and results in grossly-inflated multipliers. There is a significant risk that Mr. Keegan's *imprimatur* as an expert will lead the jury to make incorrect determinations calculating the number of violations, if any, under the respective statutes, and the amount to award for any such violations.

Mr. Keegan assumes, without performing any analysis, that the values of Plaintiff's images has been adversely affected. Mr. Keegan failed to examine Plaintiff's licensing agreements or revenues to determine how, if at all, they have changed during the relevant period. Mr. Keegan did nothing to determine the value of any of Plaintiff's images at any point in time. Mr. Keegan admits that it is possible that the value of Mr. Keegan's portfolio has actually *increased* based on the increased exposure. Therefore, Mr. Keegan's opinions concerning the value of Plaintiff's portfolio are not supported by fact, and they are not the product of any methodology.

For these reasons and those set forth in Zazzle's accompanying memorandum in support of this Motion, the Court should enter an order excluding Mr. Keegan's report and testimony from trial.

4844-0592-5412.1

Dated: June 11, 2015

By: s/*Juliet A. Cox*
    Juliet A. Cox, KS #17016
    Sara Gillette, KS #26573
    Samuel L. Blatnick, *pro hac vice*
    Attorneys for Defendant Zazzle, Inc.
    KUTAK ROCK LLP
    2300 Main Street, Suite 800
    Kansas City, MO 64108
    (816) 960-0090 (Telephone)
    (816) 960-0041 (Facsimile)
    juliet.cox@kutakrock.com
    sara.gillette@kutakrock.com
    samuel.blatnick@kutakrock.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 11, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/*Juliet A. Cox*
Juliet A. Cox, KS #17016
Sara Gillette, KS #26573
Samuel L. Blatnick, *pro hac vice*
Attorneys for Defendant Zazzle Inc.
KUTAK ROCK LLP
2300 Main Street, Suite 800
Kansas City, MO 64108
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
juliet.cox@kutakrock.com
sara.gillette@kutakrock.com
samuel.blatnick@kutakrock.com

4844-0592-5412.1