UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Joseph R. Tomelleri,

        Plaintiff,

v.

        Case No.  2:13-cv-2576-EFM

Zazzle Inc.,

        Defendant.

### PRETRIAL ORDER

A pretrial conference was conducted in this case on June 1, 2015, by U.S. Magistrate Judge Teresa James.  The plaintiff, Joseph R. Tomelleri, appeared through counsel, Steven Mustoe and Arthur Shaffer.  The defendant, Zazzle Inc., appeared through counsel, Juliet A. Cox and Sara Gillette.

This pretrial order supersedes all pleadings and controls the subsequent course of this case.  It will not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice.  Fed. R. Civ. P. 16(d) & (e); D. Kan. Rule 16.2(c).

**1.**     **PRELIMINARY MATTERS.**

    **a.**     **Subject Matter Jurisdiction.**  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 and is not disputed.

    **b.**     **Personal Jurisdiction.**  The court's personal jurisdiction over the parties is not disputed.

    **c.**     **Venue.**  Venue in this court is not disputed.

-2-

    **d.**    **Governing Law.**  Subject to the court's determination of the law that applies to the case, the parties believe and agree that the substantive issues in this case are governed by the following law: Title 17 of the United States Code.

**2.**    **STIPULATIONS.**

The following facts are stipulated:

1. Plaintiff has illustrated numerous fish, which he represents to be over 1,100 illustrations.

2. The books associated with Registration Nos. VA0001163619; VA0001799485; TX0003082429; VA0000998415; VA0001673790; VA0001783041 include a copyright notice within each book.

3. Zazzle users can upload images to Zazzle's website at www.zazzle.com.

4. Zazzle storefront users can design products using images they upload to Zazzle's website at www.zazzle.com.

5. Zazzle sets the minimum sales price for each product sold through its website.

6. Visitors to Zazzle's website can view products available for sale containing designs created by Zazzle users.

7. Zazzle stores the images uploaded by Zazzle users.

8. Each image uploaded by a user to zazzle.com is stored in Zazzle's cluster of storage servers.

9. When Zazzle manufactures products designed by users of zazzle.com. it uses the uploaded image saved to Zazzle's cluster of storage servers.

10. Zazzle adds "Image licensed to Zazzle Inc.  All unauthorized use is prohibited" to the comments field of every rendered product design displayed on the Zazzle website.

11. Zazzle does not independently verify the authorship of an image at the time it is uploaded to zazzle.com.

12. Zazzle requires that every user of zazzle.com who uploads an image agree to Zazzle's User Agreement and grant Zazzle a license to use the image.

13. Products offered for sale on zazzle.com include an associated "Report this product" button.

4829-9063-1459.5

14. Zazzle employs a team of people to review claims of infringement.

15. Tomelleri measures the fish specimens he draws.

16. Tomelleri takes photographs of fish shortly after a fish specimen is caught.

17. Zazzle developed the software used in displaying product designs on its website which can contain images uploaded by Zazzle users.

18. Zazzle receives the revenue from every product it manufactures.

19. Zazzle manufactures products containing images uploaded to or through its website.

20. Zazzle maintains custody and control of the Zazzle cluster of storage servers.

21. Tomelleri maintains the website americanfishes.com.

## FACTUAL CONTENTIONS.

### a. Contentions of Plaintiff.

Joseph R. Tomelleri is a professional artist. Over the course of his career, Joe has created 1,100 original fish illustrations.

Joe is the sole copyright owner of every illustration he has created and has registered nearly all of his copyrights with the Library of Congress.

Many of Joe's fish illustrations have been published in books. All of these books include a copyright notice and title page.

At least 63 of plaintiff's illustrations have been copied and placed upon a website owned by Zazzle, Inc. Zazzle is unable to determine the number of times Mr. Tomelleri's illustrations have appeared on the Zazzle website.

Zazzle, Inc. manufactures and sells customizable products. Through its website, www.zazzle.com, Zazzle provides tools for anyone with access to the internet to easily design a product based upon uploaded images. Further, Zazzle encourages individuals to upload visual content to its website located at www.zazzle.com, by paying them for the sale of products containing images they upload through Zazzle's website.

Zazzle does not verify the authorship of any uploaded images, but allows any Zazzle storefront to upload any image through the Zazzle website for reproduction and storage on Zazzle's computers.

When a Zazzle storefront uploads an image through the Zazzle website, the image is electronically uploaded to Zazzle's computers, referred to by Zazzle as a cluster

of storage servers.

After an image is uploaded to Zazzle's servers, the Zazzle website displays a reproduction of the uploaded image for the Zazzle Storefront to view and manipulate as desired using the Zazzle website.

Zazzle creates a copy of each uploaded image which is modified for each product SKU displayed on Zazzle's website.

Each modified image that is displayed on the Zazzle website is made available for distribution to third party websites for reproduction and distribution in connection with Zazzle's advertising and marketing.

Zazzle ships, invoices and uses the Zazzle trademark with each sale of products from the Zazzle website bearing the uploaded images.

Zazzle collects the sales and revenue from the sale of products sold from its website bearing the uploaded images.

Zazzle pays any royalties out of money received from Zazzle based upon the sale of products bearing the uploaded images.

Zazzle removes any image metadata, including copyright management information, from every uploaded image when it creates each Zazzle Copy.

After Zazzle removes the image metadata from every uploaded image, it adds a UserComment to every Zazzle Copy, which states "Image licensed to Zazzle Inc. All unauthorized use is prohibited."

Each user of Zazzle's website views the Zazzle Copy with the added UserComment.

b. **Contentions of Defendant.**

Zazzle affirmatively disagrees with the majority of the statements set forth by Plaintiff above as alleged factual contentions. The record in this matter makes clear that many of the statements Plaintiff has submitted as facts are categorically false and are not based on evidence. Zazzle is concerned that Plaintiff's continued recitation of "facts" that are not supported by any evidence and, indeed, are contrary to the evidence of record, violates the rules of civil procedure.

Tomelleri's illustrations are scientifically accurate copies of nature. Everything in Tomelleri's illustrations is present in the preserved fish and photographs of fish he studies while creating a two-dimensional illustration of the fish. Tomelleri's illustrations of fish lack the originality required to be eligible for copyright protection.

To the extent that some aspect of Tomelleri's fish illustrations are not a direct

copy of nature and therefore qualify for copyright protection, Zazzle did not copy the original elements of Tomelleri's illustrations.

For the vast majority of his illustrations, Tomelleri did not and does not include any copyright management information.  Tomelleri's illustrations are widely available on the websites of his licensees without any notice that he claims a copyright in those illustrations.

As uploaded to zazzle.com, none of the images about which Tomelleri complains included any copyright management information identifying Tomelleri or otherwise designed to lead to the identification of Tomelleri as either the copyright holder or the artist. Zazzle did not delete any copyright management information from the images uploaded by users of zazzle.com.

Every user at zazzle.com has provided Zazzle with a non-exclusive license to display and use the uploaded image and product design. Zazzle did not add any copyright management information or false statements of any kind to the images uploaded to zazzle.com

Zazzle takes active steps to avoid and prevent copyright infringement. Zazzle invests significant amounts of money and time to prevent copyright infringement.

There is no requirement that Zazzle aggregate and add copyright management information from multiple images into the Realviews of the product designs users have licensed to Zazzle.

### 3. LEGAL CLAIMS AND DEFENSES.

#### a. Legal Claims of Plaintiff.

Plaintiff asserts that he is entitled to recover upon the following legal theories:

1) Copyright Infringement under 17 USC §501. Defendant Zazzle directly, contributorily and/or vicariously copied and used 61 original fish illustrations copyrighted by plaintiff.  These illustrations were used for several years through an internet website (www.zazzle.com) whereby users uploaded unauthorized copies of plaintiff's works to Zazzle's website, which stored and used the images to create various products depicting plaintiff's work.

Zazzle has and continues to contributorily infringe Plaintiff's copyrights by inducing, facilitating, causing, and/or materially contributing to the infringing conducts of at least fifty (50) Zazzle storefronts despite having knowledge of the storefronts infringing conduct.  To date, Zazzle has facilitated the unauthorized upload of at least 108 reproductions of Plaintiff's copyrighted illustrations to Zazzle's website.  Further, through use of the Zazzle website, Zazzle storefronts reproduce, distribute, publicly display and prepare derivative works from Plaintiff's copyrighted illustrations all of which is induced, facilitated, caused and/or materially contributed to by Zazzle despite Zazzle's knowledge of the infringing activity.

Zazzle has and continues to vicariously infringe Plaintiff's copyrights by profiting directly from the unauthorized reproduction, distribution, public display and preparation of derivative works from Plaintiff's copyrighted illustrations and because Zazzle had the right and ability to supervise and/or control the infringing activity.

2) Falsification or altering of Copyright Management Information under 17 USC §1202:  Plaintiff also contends that defendant falsified copyright management information either by removing information initially displayed in connection with Mr. Tomelleri's works or by adding Zazzle's own copyright management information to Mr. Tomelleri's works. As a result, Zazzle is liable for damages pursuant to 17 U.S.C. 1203(c).

    **b.   Defenses of Defendant.**

Zazzle asserts the following defenses:

Tomelleri's illustrations are mere copies of nature and do not exhibit the originality necessary for a valid copyright. To the extent Tomelleri's illustrations did include some minimal level of originality, the original elements of his illustrations were not actually copied by Zazzle or Zazzle's users.

Zazzle has sold less than $4,000 of merchandise that includes images Tomelleri has accused of infringement.   Tomelleri cannot prove that he has actually lost any sales or that the value of his illustrations has been reduced as a result of the alleged infringement by Zazzle or its users. As a result, Tomelleri will seek only statutory damages. An award of $750 per valid copyright registration would be a windfall to Tomelleri. Even if Tomelleri is able to establish infringement, he would be entitled only to a single statutory award per copyright registration, of which seven are implicated by his claims.  Tomelleri may not recover a statutory award for each illustration. Zazzle is not liable for the acts of third-party users of zazzle.com.  It did not contributorily infringe and is not vicariously liable. Zazzle incorporates its affirmative defenses plead in the case by this reference.

Tomelleri does not include copyright management information in the electronic files available on his website.  Tomelleri's licensees do not include copyright management information in the electronic files available on their websites.  No image was uploaded to Zazzle.com that included copyright management information identifying Tomelleri.

Zazzle did not delete any copyright management information.  Zazzle did not add copyright management information to the images or provide any false information, much less with the intent of encouraging copyright infringement.

**4.   DAMAGES AND NON-MONETARY RELIEF REQUESTED.**

Copyright Infringement Claim; Plaintiff is entitled to elect between actual damages and disgorgement of profits and statutory damages under title 17.  Plaintiff's actual damages are made up of, among others, lost licensing revenue, lost reproduction rights and the value to Zazzle of not having to create the illustrations.  Plaintiff is also entitled to disgorgement of profits from sales and advertising efforts.

Alternatively, since Zazzle is unable to identify the number of actual infringing acts committed using plaintiff's original fish illustrations, plaintiff may elect to recover statutory damages in lieu of actual damages and disgorgement of profits. Statutory damages range between $750 to $30,000 for each infringed work and where willful infringement is found, may be increased up to $150,000 for each act of willful infringement. Plaintiff is also seeking an injunction prohibiting further infringement and falsification of copyright management information.

Copyright management information. The removal or falsification of copyright management information creates a statutory award of $2,500 to $25,000 per violation under 17 USC §1203.

Plaintiff also claims an entitlement to costs and attorney's fees under 17 USC §505, pre- and post-judgment interest, which are estimated to be in excess of $470,000.00.

**5. AMENDMENTS TO PLEADINGS.**

*None.*

**6. DISCOVERY.**

Discovery has been completed. Defendant recently learned that insurance may cover part of the claims in this suit. Plaintiff reserves the right to seek additional information regarding the insurance issue. Defendant believed it has provided Plaintiff any information regarding insurance to which it is entitled. Plaintiff disagrees.

**7. MOTIONS.**

   **a. Pending Motions.**

| Pending Motion | Date Filed | ECF No. |
|---|---|---|
| Zazzle's Motion to Dismiss for Failure to State a Claim | January 2, 2015 | 182 |

   **b. Additional Pretrial Motions.**

After the pretrial conference, the parties intend to file the following motions:

- Defendant's Motion for Summary Judgment that Zazzle did Not Violate 17 U.S.C. §1202
- Defendant's Motion for Summary Judgment that Tomelleri's Copyrights are Invalid or, to the Extent they are Valid, are Entitled Only to "Thin" Protection
- Defendant's Motion for Partial Summary Judgment to Limit Damages
- Defendant's Motion for Summary Judgment that Zazzle did not Contributorily Infringe and is Not Vicariously Liable

- Defendant's Daubert Motion to Disqualify Plaintiff's damages expert, Mark Keegan
- Defendant's Daubert Motion to Disqualify Plaintiff's copyright expert, Jeff Sedlik

The dispositive-motion deadline, as established in the scheduling order and any amendments, was **June 12, 2015**.

The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

Consistent with the scheduling order filed earlier in this case, the arguments and authorities section of briefs or memoranda must not exceed 30 pages, absent an order of the court. Upon motion, the court granted Zazzle's request to increase its page limit by an additional 10 pages.

### c. Motions Regarding Expert Testimony.

All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed **June 12, 2015**.

## 8. TRIAL.

The trial docket setting, as established in the scheduling order and any amendments, is **February 9, 2016, at 9:00 a.m. in Kansas City, Kansas** and trial is expected to last 10 days. This case will be tried by jury. The court will attempt to decide any timely filed dispositive motions approximately 60 days before trial. If no dispositive motions are timely filed, or if the case remains at issue after timely dispositive motions have been decided, then the trial judge will convene another pretrial conference to discuss, among other things, the setting of deadlines for

filing final witness and exhibit disclosures, exchanging and marking trial exhibits, designating deposition testimony for presentation at trial, motions in limine, proposed instructions in jury trials, and proposed findings of fact and conclusions of law in bench trials.

IT IS SO ORDERED.

Dated June 17, 2015, at Kansas City, Kansas.

<div style="margin-left: 3em;">
s/ Teresa J. James  
TERESA J. JAMES  
U. S. Magistrate Judge
</div>

Respectfully submitted,

        MUSTOE LAW FIRM, LLC

        s/Steven H. Mustoe
        Steven H. Mustoe, Esq., KS Bar No. 15212
        US Bank Building, 2nd Floor
        5100 W 95th Street, Suite 260
        Prairie Village, KS 66207-3378
        T: 913.440.0004 | F: 913.341.2293
        E: smustoe@mustoelawfirm.com

        and

        Arthur K. Shaffer, Esq.
        INTELLECTUAL PROPERTY CENTER, LLC
        7101 College Boulevard, Suite 1520
        Overland Park, KS 66210
        T: 913.345.0900 | F: 913.345.0903
        E: ashaffer@theipcenter.com

        ATTORNEYS FOR PLAINTIFF

        and

        KUTAK ROCK, LLP

        s/Sara Gillette
        Juliet A. Cox, KS Bar No.: 17106
        Sara Gillette, KS Bar No.: 26573
        Samuel L. Blatnick, *Pro Hac Vice*
        2300 Main St., Suite 800
        Kansas City, MO 64108
        T: 816.960.0090 | F: 816.960.0041
        E: juliet.cox@kutakrock.com
        E: sara.gillette@kutackrock.com
        E: samuel.blatnick@kutakrock.com
        ATTORNEYS FOR DEFENDANT

4829-9063-1459.5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11st day of June, 2015, I electronically mailed the above proposed order to the Court at ksd_james_chambers@ksd.uscourts.gov.

    s/Sara Gillette
Sara Gillette, KS Bar No.: 26573
2300 Main St., Suite 800
Kansas City, MO 64108
T: 816.960.0090 | F: 816.960.0041
E: sara.gillette@kutackrock.com

4829-9063-1459.5